

**From:** Johannes, Vanessa Singh VJohannes@carltonfields.com
**Subject:** RE: Deposition of Amit Forlit
**Date:** May 1, 2022 at 11:24 AM
**To:** Christopher Salivar cssalivarattorney@gmail.com
**Cc:** Pasano, Michael S. mpasano@carltonfields.com, Elan Baret elan@baretlawgroup.com

Chris,

Thank you for your email. Our position is that compliance with the properly served subpoenas is necessary, and that a protective order does not even relieve such obligation.

With respect to your personal jurisdiction arguments, while we appreciate that you serve as personal counsel to Mr. Forlit, and not as counsel to Insight Analysis & Research or Gadot, Mr. Forlit remains the founder and managing member of these Florida-formed and operated LLCs, and those entities are properly subject to personal jurisdiction in the SDFL (*see Daimler AG v. Bauman*, 571 U.S. 117 (2014)).  As you know, a judicial entity is subject to a subpoena under Fed. R. Civ. P. 30(b), and must present a representative person on the issues to appear accordingly.  To date, though the registered agent for the companies (Mr. Goldberger) has been responsive to us, he has not been willing to work with us to comply with the 30(b) notices of deposition.  In fact, he has been quite evasive regarding such matters (scheduling the depos, referring us to counsel, etc.). Since he is not counsel for the companies and you are not, our question is who serves that role? As you know, the companies will be in default of the Court's order if they fail to appear for the depositions.  As the managing member of the LLCS, Mr. Forlit is in the best position to answer this question and we request an answer immediately.  We need a knowledgeable representative present at the depositions and will move for the Court to compel if necessary.  Simply because Mr. Forlit is in Israel does not absolve his obligations as managing member of the LLCs.

Moreover, we do not share your limited view on personal jurisdiction with respect to Mr. Forlit. Much more needs to be articulated about your client's residency and ties/connections to Florida and his role as the managing member of the entities.  We are happy to discuss this with you or, if you see fit to file it, respond to your motion for a protective order.

Regards,
Vanessa

**Vanessa Johannes**
Attorney at Law | Carlton Fields
2 MiamiCentral
700 NW 1st Avenue, Ste. 1200 | Miami, Florida 33136-4118
Direct: 305.539.7358 | Fax: 305.530.0055
VJohannes@carltonfields.com

**From:** Christopher Salivar <cssalivarattorney@gmail.com>
**Sent:** Saturday, April 30, 2022 1:16 PM
**To:** Johannes, Vanessa Singh <VJohannes@carltonfields.com>; Christopher Salivar <cssalivarattorney@gmail.com>
**Cc:** Pasano, Michael S. <mpasano@carltonfields.com>; Elan Baret <elan@baretlawgroup.com>
**Subject:** Re: Deposition of Amit Forlit

Good afternoon Ms. Johannes,

To answer your inquiries below:

1) My co-counsel (Mr. Baret) and I were only retained by Mr. Forlit, and we do not represent either corporate entity.
2) I did expressly indicate in my email below that Mr. Forlit has not been personally served with any subpoena, and he does not reside in either the State of Florida or the United States.  So yes, there is patently an issue with want of service of process, and the Court's lack of jurisdiction over my client, as the subpoena for Mr. Forlit has never been served upon him, and he does not reside within the geographical territory encompassing the Court's jurisdiction.
3) Mr. Forlit does not voluntarily agree to travel internationally and appear in Miami for a deposition.  He does not reside here, and if someone wants to depose him they will need to serve him through the Courts where he resides, and which actually have jurisdiction over him.  If and when that is done, I expect you will be communicating with local counsel in Israel regarding matters going further at that point.
4) Mr. Forlit did not have notice of this issue for a month as you suggest below. Apparently, you communicated with a corporate representative for one of the entities (a Mr. Shimon Goldberger), who received your notices and subpoenas via email. That person then sent an email with the proposed Notice of Deposition and Subpoena to an incorrect email address (using .com instead of .co), and only followed-up and actually sent an email to my client's correct email address on April 26, 2022.

Below is a cut and paste of the portion of Mr. Goldberger's email, sent on April 26th, to my client admitting that he previously sent an email about this issue to an incorrect email address:

"Dear Mr Forlit

I am sending this as your registered agent for your US corporations. My previous email came back returned. I mistakenly put the address incorrectly. I wrote ".com" instead of ".co"".

As such, my client only learned that someone was seeking to depose him in Miami on April 26th, and thereafter my co-counsel and I
were immediately retained to address this issue.  Again, Mr. Forlit does not consent to the Southern District Court having jurisdiction over his person, as he has not been served with any subpoena in Florida, as he is not a resident of (or located in) the State of Florida, as he is not within the Court's territorial jurisdiction, and as he is not within the area of application of Rule 45 (or 28 USC 1782).

Please confirm that you are going to cancel Mr. Forlit's deposition

Please confirm that you are going to cancel Mr. Forlit's deposition scheduled for next week. If I don't hear back from you by noon on Monday, I will file a Motion for Protective Order directed to Mr. Forlit's deposition.

Thank you for your time and attention to the foregoing.

Sincerely,

*Christopher S. Salivar, Esq.*

Christopher S. Salivar, P.L.L.C.
(561) 628-8908
cssalivarattorney@gmail.com


On Sat, Apr 30, 2022 at 5:49 AM Johannes, Vanessa Singh <VJohannes@carltonfields.com> wrote:

> Dear Mr. Salivar and Mr. Barrett:
>
> Thank you for your e-mail late yesterday afternoon.  To clarify, pursuant to Court order dated March 10, 2022, which granted our motion requesting subpoenas of the two companies and Forlit, we issued subpoenas to Insight Analysis and Research LLC and SDC-Gadot LLC on March 14, 2022.  We served those subpoenas on the Company's registered agent for service of process in Florida on March 23, 2022.  That was over one (1) month ago.  We had a number of follow-up communications with the registered agent insisting that he ensure service on the Companies, and he ensured us he had done so.   As a result, the Deponents have had actual and/or constructive notice of the subpoenas for several weeks but have remained silent until the Friday afternoon before the depositions were scheduled to begin, choosing to now raise purported issues with the location of the depositions.   We do not purport to speculate when you were retained or made aware of the depositions slated for next week, but your clients were on notice of such depositions before 4:30 pm yesterday.  We note that you have not raised issues about service of process, and you have not raised issues about the propriety of the depositions themselves.   Your clients also have not moved to quash the subpoenas, despite having had notice of them for over a month.
>
> Your email raises several questions we would like to address at the outset:
>     (1) Do you represent the Companies as well as Mr. Forlit?
>     (2) Are the companies and/or Mr. Forlit agreeing to appear for the scheduled depositions in Miami, given their corporate registration in Florida?
>     (3) Will the companies and Mr. Forlit agree to appear for depositions in New York if the depositions were to be rescheduled?
>     (4) Would Mr. Forlit agree to sit for a deposition in Israel if he refuses to come to Miami or New York for the depositions, despite being the principal in a Florida company?

We would like answers to these questions before we would be able to move the depositions and/or reschedule them for your client's convenience, given your last minute appearance and the substantial delay in responding.

We look forward to hearing from you and discussing this matter further.  We can discuss over the weekend if you'd like.

Best,
Vanessa

**Vanessa Johannes**
Attorney at Law | Carlton Fields
2 MiamiCentral
700 NW 1st Avenue, Ste. 1200 | Miami, Florida 33136-4118
Direct: 305.539.7358 | Fax: 305.530.0055
VJohannes@carltonfields.com

**From:** Christopher Salivar <cssalivarattorney@gmail.com>
**Sent:** Friday, April 29, 2022 4:31 PM
**To:** Pasano, Michael S. <mpasano@carltonfields.com>; Johannes, Vanessa Singh <VJohannes@carltonfields.com>
**Cc:** Christopher Salivar <cssalivarattorney@gmail.com>; Elan Baret <elan@baretlawgroup.com>
**Subject:** Re: Deposition of Amit Forlit

Dear Mr. Pasano and Ms. Johannes,

The undersigned has been retained for the limited purpose of communicating with you on behalf of Amit Forlit.  I understand that you may have sent copies of certain Notices of Deposition and proposed Subpoenas, via email, to a party claiming to be a representative of SDC-Gadot, LLC, seeking to conduct depositions in the first week of May, 2022.

My client, Mr. Forlit, is not a resident of the State of Florida, nor is he a resident of the United States.  He has not provided anyone authority to accept service of any subpoena for deposition on his behalf, and certainly not for depositions to be conducted in the State of Florida.

As you are likely aware, Rule 45 of the Fed. R. Civ. Proc. requires that depositions of non-parties be conducted within 100 miles of their place of residence. The granting of a protective Order where this Rule is not complied with is a somewhat perfunctory issue for a Court of competent jurisdiction.  *See Bradley v. Lorillard Tobacco Corp.*, 2014 U.S. Dist. LEXIS 195700 (M.D. Fla. 2014) ("As an initial matter, Plaintiff's subpoena requests fail to comply with the Federal Rules of Civil Procedure. As Defendant notes, Rule 45 dictates that a subpoena may command a person to attend a deposition only within 100 miles of where the person resides, is employed, or regularly transacts business

in person or within the state where the person resides, is employed, or regularly transacts business in person if the person is a party or party's officer. Fed. R. Civ. P. 45(c)(1)(A) & (B)(i)." As you are also likely aware, the documents on file with the Florida Department of State, Division of Corporations for SDC-Gadot, LLC denote that it possesses a principal place of business in New York City, New York, and those documents also identify an address for Mr. Forlit in Tel Aviv, Israel. Neither of those locations is within 100 miles of Miami, Florida. Moreover, 28 U.S.C. § 1782 provides for authority of a Court to direct a party to appear for a deposition in a district "in which a person resides or is found…" As Mr. Forlit is not in Florida, is not a resident of the State of Florida or the United States, and has not been personally served with process in Florida, the Southern District Court has no authority to require him to appear at an office in Miami-Dade County for a deposition.

Please contact me, or my co-counsel Elan Baret, Esq. (who has been copied on this e-mail) at your earliest convenience to discuss this, as I am hopeful that the provision of this information will allow this issue to be resolved without the filing of a Notice of Limited Appearance and Motion for Protective Order on behalf of Mr. Forlit.

Sincerely,

*Christopher S. Salivar, Esq.*

Christopher S. Salivar, P.L.L.C.
(561) 628-8908
cssalivarattorney@gmail.com