UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-20707-MC-MARTINEZ-BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA,

                Petitioner,

    v.

INSIGHT ANALYSIS AND RESEARCH
LLC AND SDC-GADOT LLC,

                Respondents.

---

**PETITIONER'S OPPOSITION TO AMIT FORLIT'S MOTION TO QUASH AND CROSS MOTION[1] TO COMPEL DOCUMENT PRODUCTION AND RULE 30(b)(6) DEPOSITION TESTIMONY FROM RESPONDENTS**

      Petitioner Farhad Azima, by and through the undersigned counsel, hereby: (1) responds in opposition to Amit Forlit's Motion to Quash a subpoena to take his deposition and issue a protective order (D.E. 7) (the "Motion"); and (2) cross-moves, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7.1, for an order compelling the Respondents to produce documents and attend Rule 30(b)(6) depositions.

      Document subpoenas and deposition subpoenas were properly issued and served upon Insight Analysis and Research LLC ("Insight") and SDC-Gadot LLC ("Gadot") (collectively, the "Respondents") nearly two months ago. *See* **Attachment A**: Declaration of Kirby D. Behre, at

---

[1] Memorandum of Law and Certificate of Compliance with Local Rule 7.1(a)(3) is incorporated herein.

Exhibits 1 – 4; *see also* D.E. 7-1 (notice of deposition for Mr. Forlit's deposition). Neither company has complied with their legal obligations to respond to the subpoenas. Indeed, though the registered agent for the companies accepted service of the subpoenas for the companies and confirmed that he provided the subpoenas to the owner and manager of companies, Mr. Forlit, counsel has yet to appear for the Respondents or respond to Petitioner's requests.

The Petitioner has also sought discovery from Mr. Forlit, which he now challenges via the Motion. Importantly, the Motion seeks to quash the deposition subpoena for Mr. Forlit, arguing that he is simply beyond the reach of this Court. However, the Petitioner submits that the background facts are important here for the Court to understand how and why Mr. Forlit should be subject to this Court's jurisdiction and properly compelled to abide by the issued subpoena. As explained in further detail below, Mr. Forlit, a hacker, was paid millions of dollars for his hacking services through the operation and use of Respondents Insight and Gadot, entities that he formed and controls, apparently for this purpose. The Respondents are both Florida Limited Liability Companies ("LLCs"). The Petitioner submits that Mr. Forlit seeks to quash the subpoena for his testimony to circumvent discovery due for the Respondents and to bypass accountability for his actions – and his companies. For the reasons stated below, the Court should deny Mr. Forlit's motion and compel Respondents to comply with the subject subpoenas.

## FACTUAL BACKGROUND

As explained herein, Petitioner served subpoenas for document production and Rule 30(b)(6) depositions on the Respondents, as well as the individual who controls those companies, Mr. Forlit. The subpoenas seek information related to pending litigation in England, in which Petitioner seeks to hold a group of overseas defendants accountable for hacking private data belonging to Petitioner and subsequently distributing said data. *See Farhad Azima -v- (1) RAKIA*

*(2) David Neil Gerrard (3) Dechert LLP and (4) James Edward Deniston Buchanan* (Claim Number: HC-2016-002798) (the "UK Proceedings").

The claim filed in the UK Proceedings explains that Mr. Forlit and others illegally hacked Petitioner, laundered the proceeds of the hacks, used the information obtained to damage Petitioner, and engaged in a large-scale cover-up of their criminal activities. Mr. Forlit was paid millions of dollars for his role in the illegal activities and received those payments through Respondents Insight and Gadot, companies he formed specifically to aid his money laundering conduct. Notably, the claim is supported by a sworn affidavit from Stuart Page, who hired Mr. Forlit for this illegal job, and invoices received by Mr. Page from Mr. Forlit under the name of the Respondents. (*See* **Attachment B**: affidavit of Stuart Page, in support of the UK Proceedings). The claim includes a detailed discussion of the hacking of Petitioner, and the following allegations from the claim and facts alleged in Mr. Page's affidavits are relevant for these proceedings:

- Mr. Page hired Mr. Forlit in 2015 for hacking. The codename for the project was "Project Beech." *See* D.E. 1, Ex. E at ¶ 7.

- From February 2015 until at least May 2020, Mr. Forlit prepared a series of monthly reports about the results of his hacking of the victims, which included Petitioner. Those reports included hacked data. *Id.* at ¶ 11.

- Mr. Page paid Mr. Forlit approximately $250,000 per month for his hacking services. *Id.* at ¶ 10.

- Mr. Page made these payments to Mr. Forlit through Respondents Insight and Gadot, which Mr. Page refers to as Mr. Forlit's companies. *Id.*

- In August 2016, Mr. Forlit provided Mr. Page with links to significant volumes of Petitioner's hacked data.

3

- Following the publication of Petitioner's data, litigation ensued, and Mr. Page, Mr. Forlit, and the UK defendants engaged in a large-scale conspiracy to lie to the court regarding how they obtained Petitioner's stolen data. That conspiracy included multiple clandestine meetings attended by Mr. Forlit. *Id.* at ¶¶ 9, 14.

The Respondents Insight and Gadot are Mr. Forlit's entities, according to Mr. Page and publicly available documents. Both companies are LLCs created in Florida on October 18, 2017. When they were created, the street address and mailing address for both companies was the same: 13727 SW 152 Street, Miami, Florida 33177, but Gadot is in Unit 649 and Insight is in Unit 715. The registered agent for both companies is Shimon Goldberger, SRSL Management, Inc., 4101 Pine Tree Drive, Unit 1530, Miami Beach, Florida 33140. Mr. Forlit is the authorized member for Gadot, and his address is listed as 5-A Habarzel Street, Tel Aviv, Israel 6971002. The authorized member for Insight is Alon Omri Gurlavie, who lives at the same address as Mr. Forlit: 5 Habarzel Street, Tel Aviv, Israel 6971002. *See* D.E. 1 at Ex. B.

Insight and Gadot have filed annual reports with the Florida Secretary of State every year since the companies were created. Most recently, the companies filed annual reports in January 2022. The 2022 annual report for Gadot now lists the principal place of business and mailing address as W 210 89th Street, Apt. 1K, New York, NY 10024, but the company continues to be a Florida LLC registered with the Florida Secretary of State. Mr. Forlit remains the authorized representative and Mr. Goldberger remains the registered agent for Gadot. *Id*.

Mr. Page also provided copies of invoices from Respondents Insight and Gadot showing significant requests for payments by Insight and Gadot during the timeframe relevant to the UK Proceedings. Each invoice from Insight includes the address of 13727 SW 152 Street, Unit 715, Miami, Florida 33177. Some of the invoices from Gadot list the New York address, but others list

the company's address as 3200 Collins Avenue, Suite L2, Miami Beach, Florida 33140. The invoices seek payments in U.S. dollars through U.S. banks. *See* D.E. 1 at Ex. C.

## PROCEDURAL BACKGROUND

On March 8, 2022, Petitioner filed an application in this Court for an order allowing him to issue subpoenas pursuant to 28 U.S.C. § 1782. *See* D.E. 1. Petitioner sought the Court's permission to issue subpoenas to the Respondents Insight and Gadot "to produce documents and submit to depositions for use in connection with" the UK Proceedings. *Id*. at 1. Regarding the discovery requested, Mr. Azima attached document subpoenas and requested the following:

> With regard to the requested depositions, Mr. Azima seeks from each Respondent a Rule 30(b)(6) deposition of a company representative with knowledge of the two issues discussed above: (1) the investigation of Mr. Azima, related hacking, and preparation of investigation reports; and (2) the subsequent cover-up and scheme to submit false evidence to the UK Court. Mr. Azima also requests that the Respondents be directed to produce their employee, Mr. Forlit, for a deposition on these same subjects.

*Id.* at p. 7 and Ex. H. Petitioner's request for a deposition of Mr. Forlit was based on the fact that Mr. Forlit is listed as the authorized member for Gadot, and Mr. Page described the Respondent companies as Mr. Forlit's companies. Mr. Page paid Mr. Forlit millions of dollars for hacking, among other things, through the Respondents. Petitioner sought 30(b)(6) depositions of the companies related to the hacking conducted by Mr. Forlit, the preparation of reports using hacked data, and the subsequent cover-up, all activities that Mr. Forlit himself conducted.

On March 10, 2022, the Court granted, without condition, Petitioner's application for discovery pursuant to 28 U.S.C. § 1782. *See* D.E. 5 at ¶ 1 ("The Application, (ECF No. 1), is **GRANTED**.") Pursuant to this Order, Petitioner accordingly proceeded with the discovery precisely as he had specified in the filing before the Court, serving the subpoenas requested in the now-granted application.

This process was not routine, even simply to serve the individual who had been identified as the registered agent for service of process. At the same time, the corporate representatives, including Mr. Forlit, displayed contempt for the procedures of this Court.

The process began on March 16, 2022, after counsel for Petitioner hired a process server to effectuate service on Mr. Goldberger, who had been identified as the registered agent for both companies in the Florida corporate documents. After being contacted by the process server, Mr. Goldberger contacted Petitioner's counsel to relay that he was not the registered agent. In a voicemail message, he stated as follows: "Some people put me down as their registered agent for Insight Analysis and SDC-Gadot LLC, but I am not their registered agent. I never approved or authorized them to use my business name or address as their authorized agent." *See* Attachment A at ¶ 6. Nonetheless, because he was listed as the registered agent on corporate documents, counsel personally served Mr. Goldberger with the subpoenas for production of documents for both Insight and Gadot on March 23, 2022. The subpoenas required production of documents by April 29, 2022.

On March 31, 2022, Petitioner's counsel spoke with Mr. Goldberger to discuss the subpoenas. On that call, Mr. Goldberger said that in 2017, his accountant Ari Propis, a Certified Public Accountant ("CPA") based in Florida, asked him to serve as registered agent for several companies, including the Respondents, and he agreed.[2] Mr. Goldberger said that he had not been paid and therefore did not consider himself to be the registered agent for the companies. He then claimed that since being served with the subpoenas, he was paid and sent the subpoenas to Mr.

---

[2] Mr. Goldberger serves as registered agent for more than twenty entities and confirmed that Mr. Propis asked him to serve as the registered agent for all of them.

6

Propis, Mr. Forlit, and Mr. Gurlavie. Mr. Goldberger also agreed to accept service by e-mail of the deposition subpoenas that Petitioner had sought in his application. *See* Attachment A at Ex. 5.

On April 7, 2022, Petitioner's counsel e-mailed the deposition subpoenas for Insight, Gadot, and Mr. Forlit to Mr. Goldberger. In response, Mr. Goldberger confirmed that he would send the subpoenas "to Mr. Propis and the e-mail address that he provided for Mr. Forlit." *Id.* at Ex. 6. Mr. Goldberger did not mention any other individuals connected to the companies to whom he saw fit to send subpoenas, confirming that Mr. Forlit controlled both entities. The depositions were scheduled for May 2, 3, and 4, almost a month's notice from service and approximately 45 days after counsel had begun correspondence and conversations with the registered agent for service of process for the companies.

On April 25, 2022, Petitioner's counsel followed up to confirm the three depositions, asked who would serve as the company representative at the scheduled depositions, and sought to coordinate regarding the document productions. Mr. Goldberger for the first time claimed that the e-mails he sent to Mr. Forlit came back returned. He did not say anything about whether Mr. Propis had received the subpoenas. Mr. Goldberger said that he again transmitted the subpoenas to Mr. Forlit and asked Mr. Forlit "if I may share his email address with you for direct communication. I will let you know the moment I hear back." *See* Attachment A at Ex. 7. A few days later, Mr. Goldberger said that he "was told that Mr Forlit did receive the paperwork." *See Id.* at Ex. 9.

On April 27, 2022, Petitioner's counsel asked whether Mr. Goldberger would be serving as the company representative for Insight and/or Gadot. Mr. Goldberger said he would not participate and refused to sit for a deposition for either of the companies. *Id.* at Ex. 8.

7

On April 29, 2022, Mr. Goldberger forwarded to Mr. Azima's counsel an e-mail he received from Mr. Forlit. That e-mail appears to have been forwarded to Amit Forlit by Omri Gurlavie, supposedly an authorized member for Respondent Insight. Mr. Goldberger's e-mail suggests that the e-mail for Omri Gurlavie was also sent to Mr. Forlit and suggests that Mr. Goldberger did in fact have the correct e-mail address for Mr. Forlit. Mr. Goldberger wrote: "I had a bad email address for Mr Forlit. (Actually the one I had is the amit@gadot.co but it kept coming back undeliverable. When I sent it to omri48@gmail.com it seems that it when [sic] through as he had responded)." *See* Attachment A at Ex. 11. Mr. Goldberger did not distinguish between the two entities, confirming that Mr. Forlit controlled both. Mr. Goldberger also said that he intended to resign as the registered agent for Insight and Gadot, although he remains listed as the registered agent for both entities. *See Id*. at Ex. 10.

Neither Insight nor Gadot produced any documents in response to the subpoenas for production of documents. In addition, no one confirmed whether company representatives would sit for the scheduled 30(b)(6) depositions. No motion to quash was filed by either entity.

On Friday, April 29, 2022, at approximately 4:30 PM Eastern Daylight Time ("EDT"), counsel for Mr. Forlit e-mailed counsel for Petitioner and explained that Mr. Forlit would not attend the scheduled deposition (set for Wednesday, May 4, 2022 at 10:00 AM) because Mr. Forlit allegedly lacked connections to Florida. Mr. Forlit's counsel claimed in the e-mail that the appropriate location for any deposition was either New York City, where the principal place of business for the companies supposedly was, or Israel, where Mr. Forlit claims to reside. In response to Petitioner's suggestion that any depositions could be moved to New York City or potentially to Israel, Mr. Forlit's counsel declined to participate even if the depositions were moved. He also declined to respond to questions about Mr. Forlit's relationship to the companies

8

and/or his connections to Florida and/or the United States. He refused to provide any information about who represents the companies and/or whether Mr. Forlit's companies would comply with the Court's subpoenas. He did not address whether company representatives would attend the depositions for Respondents. He simply asked that Petitioner annul the subpoenas as to Mr. Forlit. *See* D.E. 7 at Ex. 3.

In light of the undisputed fact that Mr. Forlit set up, controlled, and was paid through two Florida corporations; Mr. Forlit's refusal to answer questions about his connections to the U.S. and/or the Florida companies; and Petitioner's ongoing litigation related to Mr. Forlit's role as a criminal hacker, Petitioner stated that he would not cancel the subpoenas on the eve of their commencement.

On May 2, 2022, Petitioner's counsel attended the 30(b)(6) deposition for Insight. No company representative appeared. On May 3, 2022, Petitioner's counsel attended the 30(b)(6) deposition for Gadot. No company representative appeared. As to both depositions, costs were incurred, and Petitioner submits the Respondents must reimburse Petitioner.

Mr. Forlit's counsel filed the motion to quash on May 2, 2022. *See* D.E. 7. Counsel for Mr. Forlit stated that Mr. Forlit would provide an affidavit in support of the motion supporting his claim that, despite his intimate connections to two Florida companies and the payment of millions of dollars to Mr. Forlit via the Respondent companies, he supposedly lacks sufficient connections to the U.S. and Florida for a Court to order his deposition to provide relevant information he has about the Respondent.

Over the past two weeks, counsel for Mr. Forlit promised, several times, to supplement the Motion with an affidavit from Mr. Forlit. The affidavit was filed today – the date Petitioner's response to the Motion is due – at approximately 3:00 p.m. EST (*see* D.E. 10). Without supporting

9

facts, the affidavit flatly states that Mr. Forlit does not reside in the United States and that Respondent Gadot does not conduct business in Florida. The affidavit, however, does not state whether Mr. Forlit is a U.S. citizen or green card holder. The affidavit does not mention the Respondent Insight. The affidavit does not dispute that the Respondents, particularly Gadot, which is mentioned, were indeed formed by and are owned, controlled and managed by Mr. Forlit. To the contrary, it appears as though Mr. Forlit is speaking on behalf of Gadot in the affidavit.

Moreover, the affidavit contradicts the attested, sworn statements and invoice records that Mr. Page has provided to a court of law (in the U.K.), showing that, as recent as 2020, Mr. Forlit paid him millions by and through the Respondents to conduct hacking activities. In addition, other than a blanket, self-serving statement regarding his residency, Mr. Forlit's affidavit does not address the financial transactions that the Respondents, his entities, conduct in Florida or his other potential ties and/or connections to Florida and/or the Southern District.

## **ANALYSIS**

Petitioner submits that Mr. Forlit has created and used the Respondent companies to obtain millions of dollars in proceeds for his illegal activities. The Respondents are Florida LLCs controlled by Mr. Forlit and were directly used for money laundering to obtain significant payments from Mr. Page for Mr. Forlit's hacking scheme. Correspondence with the Florida-based registered agent also seems to confirm that Mr. Forlit is the person primarily responsible for the two Respondent entities, given that Mr. Goldberger, the registered agent, corresponded primarily with Mr. Forlit and the CPA for the companies. He is undoubtedly the person most knowledgeable about both of these companies and the person that the Companies should have produced for a 30(b)(6) deposition about the companies' activities. Moreover, the companies have not produced any other knowledgeable representative to appear. Such a deposition is unremarkable, as a person

who forms Florida companies, and remains the most knowledgeable person about those companies' activities, is undoubtedly subject to discovery in Florida.

Nonetheless, having conducted work through the companies and utilized the companies to obtain U.S. bank accounts to receive U.S. dollar transactions, Mr. Forlit has orchestrated a scenario in which his companies have simply failed to respond to court processes while he seeks the affirmative assistance of the Court in quashing a subpoena directed to him personally. Indeed, Mr. Forlit's self-serving affidavit, as noted above, ignores a number of critical issues, contradicts sworn evidence in the U.K. Proceedings, and makes claims that could have been illuminated by the Respondents' business records, but they chose not to produce them. As a matter of law and equity, the Court should not condone this conduct.

Rather, the Court should compel the Respondents to produce responsive documents and to produce Mr. Forlit for a 30(b)(6) deposition, order compliance with the subpoenas by Respondents and Mr. Forlit, and order them to pay Petitioner's costs associated with the May 2 and 3 depositions and this motion. It should also hold the companies in contempt until they comply with the order.

**I. THE COURT SHOULD COMPEL RESPONDENTS TO RESPOND TO THE PROPERLY SERVED SUBPOENAS FOR DOCUMENTS AND RULE 30(B)(6) DEPOSITIONS.**

Despite being properly served long ago, the Respondents have knowingly failed to comply with their discovery obligations. On this topic, there is no dispute: Respondents were properly noticed for deposition pursuant to an order of this Court, and they are Florida companies over which this Court clearly has jurisdiction.[3] The Court should compel Respondents to produce

---

[3] Mr. Forlit concedes that the subpoenas served upon his companies Insight and Gadot were valid subpoenas and does not dispute that those subpoenas were properly served on the Respondents' registered agent. *See* D.E. 7 at 3 ("Petitioner applied for, and received, on Order authorizing the service of deposition subpoenas upon the two (2) Respondents.").

a knowledgeable deponent in Florida to sit for depositions about the companies' functions as described in the subpoenas. Such an order will almost certainly compel Mr. Forlit to sit for a deposition as the corporate representative for the 30(b)(6) depositions for Insight and Gadot. The recent correspondence, as well as Mr. Page's sworn affidavit, make clear that Mr. Forlit is the only person with knowledge about what his Florida companies were actually doing in connection with the allegations in Petitioner's UK claim. Likewise, Respondents should be sanctioned for their flagrant disregard for the Court's order, as they have provided no documents, produced no deponents, and refused to engage with Petitioner's counsel about the subpoenas.

There is a sound legal basis for such an order. On notice, a party may move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a). The motion may move to compel discovery if "a corporation or other entity fails to make a designation under Rule 30(b)(6)" or if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. *Id.*; *see also King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) (sanctions are appropriate if the entity fails to comply with its Rule 30(b)(6) obligations by not designating a deponent who can answer the questions listed in a deposition notice).

Petitioner requests that the Court compel the Respondents to comply with the subpoenas issued. Importantly, the Rule 30(b)(6) deposition subpoenas required the Respondents to produce a witness knowledgeable about (1) the investigation of Petitioner, related hacking, and preparation of reports about Petitioner, which included hacked data; and (2) the subsequent cover up and scheme to submit false evidence to court. These areas are specific to work conducted by Mr. Forlit and about which Mr. Forlit is primarily knowledgeable. While we submit that Mr. Forlit is the

only proper witness with such knowledge, the Respondents must at least produce a witness so that Petitioner may test their knowledge.

There can be no doubt, moreover, that this conduct was in fact strategic and purposeful. For example, when the process server first contacted the registered agent, Shimon Goldberger, he initially falsely claimed that he was not the registered agent for Respondents, Insight and Gadot, but he later confirmed that he did serve as registered agent for both companies, as well as twenty other companies set up in Florida by Ari Propis. Mr. Goldberger also confirmed that he provided the subpoenas to the relevant individuals, including Mr. Forlit and Mr. Propis, confirming not only that Mr. Forlit had notice of the subpoenas but also that he was the individual who controlled both entities.

Despite proper service of the subpoenas on Respondents – and confirmed actual notice to Mr. Forlit and Mr. Propis – Respondents failed to even respond to the subpoenas or designate an individual for the Rule 30(b)(6) deposition. Instead, the attorneys representing Mr. Forlit, who controls the Respondents as described above, entered a limited appearance to quash the requested deposition of Mr. Forlit, but said they did not represent the Respondents. Given that the subpoenas to Respondents were properly served on their registered agent, the limited appearance by Mr. Forlit solely in his personal capacity appears to be part of a strategy to abandon the Florida entities to avoid providing any discovery in response to Petitioner's Application.

Given such evasive conduct by the Respondents and Mr. Forlit, Petitioner requests that the Court issue reasonable and appropriate sanctions here, as well as reasonable and appropriate reimbursement for legal fees incurred with the depositions and this motion. The Court has broad authority to issue sanctions for parties and witnesses designated under Rule 30(b)(6) who fail to obey a court order to provide or permit discovery and we request that the Court do so here. *See*

Fed. R. Civ. P. 37(b).  The sanctions listed in Rule 37(b) include directing certain facts be taken as established; prohibiting the disobedient party from introducing certain matters in evidence; striking pleadings; staying proceedings; dismissing the action; rendering a default judgment; and treating as contempt of court the failure to obey an order.  *Id.*  In addition, the court must order the disobedient party to pay reasonable expenses caused by the failure.  *Id*.  Civil contempt sanctions are designed to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation.  *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990).  In *United States v. United Mine Workers of Am.*, 330 U.S. 258, 333-34 (1947), the Supreme Court detailed the factors to be considered in the imposition of a civil contempt sanction: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order. The record must reflect that these factors were considered.

Sanctions against the Respondents are warranted for the conduct that has occurred.  The Petitioner properly served the companies with document and deposition subpoenas and provided them ample notice beforehand.  In response, though Mr. Goldberger confirmed that he was corresponding with Mr. Forlit about the subpoenas, Mr. Forlit has chosen to ignore the subpoenas served on his companies, while at the same time purporting to challenge his own deposition. Indeed, it appears as if Mr. Forlit is using the Respondents as both a sword and shield and the Court should not permit him to continue to do so.  Specifically, in addition to an order compelling respondents to comply with the subpoenas, Petitioner seeks (1) monetary penalties against Respondents in the form of $500 per day from the date of noncompliance until the companies

14

comply with the subpoenas; and (2) reasonable costs and fees incurred related to the May 2 and 3 depositions and this motion.

These sanctions are appropriate. First, the harm from noncompliance is significant because Mr. Forlit is seemingly seeking to avoid producing discovery about his hacking of Petitioner by abandoning the entities and fighting the requested deposition of him personally. The result of not imposing sanctions would be to allow these Florida LLCs to avoid providing any relevant discovery. Second, the sanctions are well-tailored to address the concern of Petitioner, who merely seeks evidence to use in the pending UK litigation. Third, the contemnor has sufficient resources to pay the requested monetary sanctions. As explained in Mr. Page's affidavit, Respondents were paid approximately $250,000 per month for hacking, creation of reports, and subsequent cover-up. *See* D.E. 1 at Ex. E. ¶ 10. Fourth, it is clear that the contempt is willful because the registered agent confirmed receipt of the subpoenas and confirmed that he provided them to the relevant individuals, including Mr. Forlit and the company CPA, Ari Propis. Though Mr. Forlit's attorney entered an appearance, neither of the Respondents did so, and Mr. Forlit's attorney said he did not represent Respondents. Thus, the companies clearly know of the validly served subpoenas and are simply refusing to comply.

## II. THE COURT SHOULD ORDER MR. FORLIT TO ATTEND A DEPOSITION IN FLORIDA WHERE HE IS EMPLOYED AND REGULARLY CONDUCTS BUSINESS.

As explained above, while completely ignoring the subpoenas that were admittedly properly served on the entities he controls, Mr. Forlit nevertheless seeks this Court's protection to avoid being deposed about his companies. Mr. Forlit argues that his subpoena was not authorized by the Court's order and was not properly served on him. He also complains that it would be burdensome for him to appear for a deposition in Florida. In his last-minute affidavit, Mr. Forlit says even less. He asserts that he is not a resident of Florida or the U.S. but he does not discuss

whether he is a U.S. citizen, and more importantly, he does not contradict Mr. Page's statements that Mr. Forlit and his companies were regularly doing business in Florida through at least 2020. He also ignores the fact that his companies could have produced evidence that could have corroborated his claims but has simply chosen not to, giving rise to an inference that any information those companies would have produced would have contradicted Mr. Forlit's affidavit.[4] The significant holes in Mr. Forlit's affidavit, which is contradicted by documents and information provided by Mr. Page, is further reason why Mr. Forlit should be ordered to sit for a deposition – so that Petitioner can probe the veracity of the information provided.

Mr. Forlit also ignores his own significant ties to Florida in connection with this dispute. He created what Petitioner believes to be criminal organization in Florida for the precise purpose of laundering the proceeds of computer hacking. Having created entities in Florida to help with his actions, Mr. Forlit cannot complain about being questioned here about such conduct. Mr. Forlit's arguments also ignore the fact that Petitioner offered to discuss deposing him elsewhere if that would be more convenient, but he entirely refused to discuss the matter. As a result, the Court should see this matter for what it is – an attempt by a criminal hacker to avoid being questioned about his conduct, despite having reached out to Florida and the United States for assistance with his activities. The law does not require such an inequitable result.

Under Rule 45, a subpoena may command a person to attend a deposition within the state (or within 100 miles of) "where the person resides, is employed, or *regularly transacts business* in person." Fed. R. Civ. P. 45 (c). Typically, to quash a subpoena, a deponent will provide an affidavit under oath that includes information about his nationality, residences, U.S. immigration

---

[4] Under Section 1782, courts can command U.S.-based entities to produce information that is held outside the United States. *See, e.g., Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016).

status, and trips to the United States, as in the case relied upon by Mr. Forlit. *See*, *e.g.*, *In re Appl. Joint Stock Co. Raiffeisenbank*, No. 16-24114-MC-JEM, 2017 WL 7733275, at *1 (S.D. Fla. Aug. 15, 2017). Mr. Forlit has not provided any such affidavit here. Instead, his affidavit is as notable for what it is missing as for what it says. Even if Mr. Forlit is not a Florida resident, Mr. Page's affidavit makes clear that Mr. Forlit regularly conducted business and was paid for that business in Florida through the Respondent companies. *See* D.E. 1 at Ex. E. Mr. Forlit's affidavit does not address these payments or any other connections to Florida and the U.S. Because Mr. Forlit is employed in Florida and regularly conducts business in Florida, it is appropriate to hold his deposition here. *Id.*

Mr. Forlit argues that the deposition was not authorized by the Court. Petitioner's application expressly sought a deposition of Mr. Forlit, and the Court **"GRANTED"** the application without condition. *See* D.E. 5 at ¶ 1. Accordingly, Petitioner issued the subpoenas he requested. Petitioner believes the Court's language was clear but, to the extent there is any ambiguity, Petitioner requests that the Court clarify for Mr. Forlit that he is subject to deposition in the jurisdiction where he is regularly doing business and organized corporations. If necessary and if the Court sees fit, Petitioner will reissue the subpoena for a date as soon as possible convenient for all parties. In either event, it is appropriate to order Mr. Forlit to sit for a deposition, either as a representative for his entities, or in his personal capacity.

Mr. Forlit complains that he is not a resident or "found" in the district and therefore was not properly served with the subpoena under section 1782. D.E. 7 at 5. However, Mr. Forlit's companies are Florida companies, with Florida registered agents and a Florida-based CPA. Mr. Forlit conducted work for Mr. Page for these Florida entities and was regularly paid for that work through the Florida entities over a period of years. *See* D.E. 1 at Ex. E. This undoubtedly

17

constitutes doing "regular" work in this district. The Florida-based registered agent that Mr. Forlit designated for his companies agreed to accept service of the deposition subpoenas via e-mail.

Notably, the case that Mr. Forlit cites to support his position on this point can easily be distinguished from the facts here. Indeed, in *In re Appl. Joint Stock Co. Raiffeisenbank*, 2017 WL 7733275, at *1, the deponent's mother was not an authorized agent of the deponent's companies who agreed to accept service of the relevant subpoenas. Under the circumstances here, where the individual Mr. Forlit designated to accept service in the district confirmed that he would accept service and provide the subpoenas to Mr. Forlit, it was reasonable and appropriate to serve Mr. Forlit through that agent.

## GOOD FAITH CERTIFICATION

Undersigned counsel certifies that counsel has conferred with counsel for Mr. Forlit as described above in a good faith effort to resolve the issues raised in the Motion. In addition, as described above, undersigned counsel has sought to confer with Respondents through correspondence with Mr. Goldberger, the registered agent for Respondents, but has received no information regarding representation of Respondents.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court deny Mr. Forlit's Motion, compel the Respondents and Mr. Forlit to comply with the lawfully issued subpoena requests, and impose reasonable and appropriate attorneys' fees and sanctions.

Respectfully submitted,

Dated: May 16, 2022 /s/ *Michael S. Pasano*
Michael S. Pasano (FBN 475947)

Email: MPasano@carltonfields.com
Vanessa Singh Johannes (FBN 1028744)
E-mail: VJohannes@carltonfields.com
CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050

*/s/ Kirby D. Behre*
Kirby D. Behre (admitted *pro hac vice*)
Timothy P. O'Toole (*pro hac* pending)
Ian A. Herbert (*pro hac* pending)
Calvin Lee (*pro hac* pending)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for Mr. Forlit, Christopher S. Salivar and Elan I. Baret, via such means. In addition, service was made, via the following e-mail address, to the representative agent for the Respondents:

INSIGHT ANALYSIS AND RESEARCH LLC
13727 SW 152 Street #715
Miami, Florida 33177
c/o Shimon Goldberg
Manager's Office
3200 Collins Ave.
Miami Beach, FL 33140
shimon@srslmanagement.com

SDC-GADOT LLC
3200 Collins Ave., Suite L2
Miami Beach, Florida 33140
c/o Shimon Goldberg
Manager's Office
3200 Collins Ave.
Miami Beach, FL 33140
shimon@srslmanagement.com

      /s/ *Michael S. Pasano*
      Michael S. Pasano

129680334.1