## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C.§ 1782 of<br><br>FARHAD AZIMA,<br><br>             Petitioner,<br><br>   v.<br><br>INSIGHT ANALYSIS AND RESEARCH LLC AND SDC-GADOT LLC,<br><br>            Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 22-20707-MC-MARTINEZ-<br>)  BECERRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITIONER'S RESPONSE TO FORLIT'S
## SUPPLEMENTAL FILING (D.E. 17) TO THE MOTION TO QUASH (D.E. 7)

## INTRODUCTION

As this Court is aware from the filings in this matter (*see* D.E.s 7, 10, 14, and 17), Petitioner Farhad AZIMA, a U.S. citizen, is engaged in litigation in the United Kingdom related to the hack and publication of his personal and proprietary information.  One of the identified hackers is Amit FORLIT, who received funds to participate in the hacking scheme by and through Florida-incorporated entities, the Respondents.  According to a sworn affidavit from Stuart Page, the individual who hired FORLIT to hack AZIMA and prepare monthly reports, Mr. Page paid FORLIT approximately $250,000 per month from 2015 through at least 2020 for his hacking efforts.  The invoices sent to Mr. Page for FORLIT's hacking work were from both Respondent companies.  Mr. Page also admitted that he and others lied to a U.K. court to cover up the fact that

FORLIT was the individual who "discovered" Petitioner's hacked data. FORLIT is alleged to have actively participated in this cover up through at least March of 2020.

Pending before this Court, at which a hearing will take place on June 6, 2022 at 9:00 am, are the following motions for relief: (1) FORLIT's motion to quash a deposition subpoena, issued in this District and requiring his appearance in this District; and (2) AZIMA's cross motion to compel the Respondents to produce documents and a witness at a Rule 30(b)(6) deposition, in accordance with subpoenas issued in this District.

For the reasons set forth in our briefing, which we will explain further at the hearing, AZIMA contends that jurisdiction over FORLIT is appropriate given his significant contacts with the jurisdiction. Moreover, FORLIT is the only appropriate and knowledgeable witness for the companies to present. Indeed, the Respondents are controlled by FORLIT, though they have failed to formally appear in this matter and have defaulted on their discovery obligations.

## ARGUMENTS

On June 1, 2022, FORLIT's counsel filed "supplemental" briefing in support of his motion to quash the subpoena and included a second affidavit from FORLIT. In sum, FORLIT argues that this Court lacks jurisdiction over his person because he was not served in Florida, does not reside in Florida, has no ties to Florida (or the United States), and is living in Israel. He further claims that none of his actions relate to hacking or illicit conduct. Last, he argues that the Respondent companies, specifically SDC-Gadot, has done no business since incorporation and has no employees. Interestingly, in both of his affidavits, FORLIT seems to be speaking on behalf of SDC-Gadot and admits substantial knowledge about the entity's operations.

FORLIT's arguments fail. It bears noting that FORLIT's own affidavit statements provide a basis for his arguments to fail. Indeed, FORLIT admits he is the manager and sole employee of

SDC-Gadot and that he knows substantial, key facts about the U.K. litigation.  Moreover, FORLIT's affidavit statements are clear in his position that he has no ties to the United States, Florida, or business dealings here.  As evidenced below, that is simply not true and he should be compelled to appear in this District, personally and on behalf of the Respondents, to produce responsive materials and testify.

I.   **MR. FORLIT IS SUBJECT TO THIS COURT'S REACH AND SHOULD BE DEPOSED IN THIS DISTRCT.**

FORLIT's affidavits contain demonstrably false statements about his ties to the United States, the hacking scheme, and his role and relationship with the Respondents.  *First*, a certified background report, which will be provided to the Court at the upcoming hearing, reveals that FORLIT was assigned a social security number (ending in 9459) in the United States in 1991. Moreover, that _**same**_ social security number is assigned to another person – Omir A. GURLAVIE and Alon O. GURLAVIE.  Of significance, GURLAVIE is listed as the incorporator and managing member of Respondent Insight Analysis and Research.  GURLAVIE's address listed on Insight's incorporation and annual filings is the same address as FORLIT's. This information indicates that FORLIT, using the name or alias of GURLAVIE, likely incorporated Insight and has the same relationship to that company as Respondent SDC-Gadot.

*Second*, a separate Section 1782 subpoena for SDC-Gadot's financial records show that (a) FORLIT personally controls SDC-Gadot's bank account; (b) millions of dollars flow through said SDC-Gadot bank account; (c) the transactions involve touch Florida companies and/or persons; and (d) approximately $55,000 in payments were made to a company controlled by a convicted hacker awaiting federal sentencing in the Southern District of New York.  (*See* Exhibits A – D: Citibank Financial Records for SDC-Gadot, 2018 – 2020.)   Indeed, contrary to FORLIT's statements that SDC-Gadot has never conducted business, SDC-Gadot's bank records show

substantial business activity (that is, millions of dollars) well through 2021, including activity with

other Florida entities, such as:

- Between March 2018 and June 2018, SDC-Gadot received $600,000 from Florida IP Telecom Inc. (*See* Exhibit A.)  According to the state's public records, Florida IP Telecom Inc. was a Florida company with an address at 20200 W. Dixie Highway, Suite 1204, Miami, Florida 33180.

- Between March 2018 and June 2018, SDC-Gadot received $2.1 million from Overseas Consulting LLP. (*See* Exhibit A.)  According to its website, Overseas Consulting LLP is a company with the same address as Florida IP Telecom: 20200 W. Dixie Highway, Suite 1204, Miami, Florida 33180.

- In September 2019, Mario Ros, a Citibank personal banker at the 2001 Biscayne Blvd. branch in Miami, emailed FORLIT regarding the SDC-Gadot account, indicated that FORLIT operated as owner and signatory of the account.  (*See* Exhibit F.)

- The bank records list the address for SDC-Gadot as 13727 SW 152 Street, Suite 649, Miami, Florida 33177.  The bank records do not list a New York or Israeli mailing address.

- The Citibank account records show a payment of $31,000 from Global Impact Services LLC as recently as May 10, 2021.  (*See* Exhibit D.)

These records indicate that FORLIT's statements to this Court in his affidavits are false

and that he is only submitting such self-serving statements to defy the jurisdiction of this Court.

It is clear that SDC-Gadot, as demonstrated in Exhibits A – D, does conduct substantial and regular

business in Florida and the United States.  Information is still being obtained regarding Insight's

financial activities, but Mr. Page has attested to paying FORLIT for hacking work conducted, by

and through Insight, a company tied to FORLIT via his social security number.  Nonetheless, as

indicated above, Mr. Page's statements about payments to FORLIT via the Respondents have

already been corroborated by SDC-Gadot's banking records.

*Third*, there is indication that FORLIT spent significant time in the United States, including

a trip to Florida in April 2020, despite his statements to the contrary.  Indeed, SDC-Gadot's bank

account records indicate that the debit card for the account was used in Miami between April 3, 2020 and April 6, 2020.  (*See* Exhibit C.)  In addition, the records show the debit card was used to purchase a $40,000 Porsche in June 2019.  Since FORLIT's own affidavits submit that he is the sole authorized member of SDC-Gadot and that SDC-Gadot "has no employees," these debit card purchases were presumably all made by FORLIT.   As recent as January 2022, SDC-Gadot filed an annual report with the Florida Secretary of State and that FORLIT himself electronically signed the report as the "Authorized Member."  (*See* Exhibit E.)

    *Last*, FORLIT continues to argue that he was never a "hacker," but merely an investigator. Not only does Mr. Page's affidavit contradict this – as well as the fact that AZIMA'S private and proprietary information was stolen and placed on the Internet – but the money flow flatly contradicts this.  The bank records at Exhibit A – D confirm that Mr. Page paid FORLIT significant monies.   FORLIT can provide no explanation as to what those payments are for – but expects this Court to simply take his word for it that he is of "clean hands."  Moreover, it appears that FORLIT's hacking work may not be limited to this matter.  Indeed, in March 2018, SDC-Gadot paid $55,000 to Aviram Hawk LLC.  Aviram Hawk is the company owned by Aviram Azari, who pled guilty in April 2022 to federal charges in the Southern District of New York related to a hack-for-hire scheme.

    In short, FORLIT clearly has substantial connections to Florida, by and through the Respondent companies.  All of the reasons FORLIT claims he has no ties to Florida – and should not be compelled to appear in this District for deposition – can be rebuffed and therefore should not be relied upon by this Court.[1]

---

[1] Though Petitioner submits there are more than sufficient contacts to order FORLIT to sit for a deposition regarding his role in the hacking of Petitioner, in the alternative, the inconsistencies in FORLIT's affidavits

## II.     FORLIT IS THE PROPER PERSON TO BE DEPOSED IN A RULE 30(b)(6) DEPOSITION FOR THE RESPONDENTS.

FORLIT's "supplement" is also tantamount to an admission that he is the most knowledgeable person about SDC-Gadot's activities and that he has relevant information to present at a deposition about those activities.  FORLIT tries to avoid this conclusion by submitting portions of pleadings from other cases, but the operative pleading, the Re-Re-Amended Counterclaim in the U.K., clearly alleges that FORLIT is a hacker who was paid millions of dollars by Mr. Page to engage in hacking and prepare reports that included excerpts from hacked communications.  It is of no consequence that other individuals are also involved in the hacking scheme; that does not absolve FORLIT from liability or culpability.

Notably, FORLIT's most recent affidavit merely confirms that he is a critical witness regarding these topics.  For example, FORLIT admits the following:

- SDC-Gadot LLC was formed in Florida in 2017 as a Florida LLC and has remained active.  FORLIT is the member of SDC-Gadot, signed its LLC documentation as an authorized member of the company, and there are no other employees of SDC-Gadot.

- FORLIT was hired by Stuart Page, which was never revealed in the U.K. trial.

- FORLIT obtained "dumped information found on online databases and servers," which appears to be a reference to hacked data.

- FORLIT provided Mr. Page with links to AZIMA's online data, which was also never revealed in the previous U.K. trial and confirms Mr. Page's evidence that the

---

demonstrate that the court should at a minimum order limited jurisdictional discovery to ascertain facts regarding FORLIT's citizenship and residency.

prior testimony that Mr. Page learned of the links to AZIMA's hacked data from Mr. Halabi was false.

These new admissions make clear that FORLIT is the Respondents' most knowledgeable witness to present for deposition, as he is tied to the companies and clearly understands their business dealings and interactions.  FORLIT's deposition would provide important testimony for the pending U.K. Proceedings.[2]

FORLIT also suggests in his "supplement" that the formation date of SDC-Gadot in 2017 somehow absolves him from testifying because AZIMA was hacked prior to that.  However, Mr. Page's affidavit – which is confirmed in many respects by FORLIT, as well as the Citibank records – makes it clear that Mr. Page paid FORLIT approximately $250,000 per month between February 2015 and May 2020 through corporate entities, some of which were in Florida, for data hacked prior to that end date.  Those payments were for the creation of monthly reports that included hacked data, as well as the publication of Mr. Azima's hacked data (which occurred not only in 2016, but also in 2017 and 2019), and the massive fraud on the U.K. court perpetrated by FORLIT and the other defendants, which continued through at least 2020.  In light of Mr. Page's affidavit, as corroborated by the bank records and FORLIT's affidavit, FORLIT's concerns about timing are unavailing and are precisely the types of issues that will be explored in his deposition.[3]

---

[2] FORLIT's affidavits also raise a number of other questions that would be explored in a deposition including but not limited to: how he was able to open U.S. bank accounts with Citibank, JP Morgan Chase, and Bank of America if he is not a US citizen, has no US address, and operated companies that conduct no business with no other employees; how he had a social security number if he had no U.S. status; why his social security number is the same as GURLAVIE's; why he filed annual reports with the Florida Secretary of State as recently as January 2022 if the company was defunct; why he recruited Majdi Halabi to say that he found the links to Petitioner's stolen data when in fact FORLIT claims to have provided Mr. Page with the links; why his company was receiving substantial payments from known hacker Aviram Azari; who he paid for "dumped information found on online databases and servers"; and how much he paid for that information.

[3] FORLIT also argued that AZIMA's prior litigation had not mentioned FORLIT's role in the hacking.  As is clear from the pending claim in the U.K. – which is the operative claim for this Section 1782 Application – FORLIT

### III.    SERVICE ON FORLIT WAS REASONABLY CALCULATED TO RESULT IN HIM RECEIVING THE SUBPOENA.

Finally, FORLIT argues for the first time in this motion to supplement that service of his subpoena was improper because it was not reasonably calculated to result in him receiving the subpoena. This argument is meritless, particularly since he admits he received the subpoena, apparently via his hand-selected registered agent in Florida. As discussed in Petitioner's cross motion to compel (D.E. 14), Shimon Goldberger, the registered agent for Mr. Forlit's companies, accepted service for FORLIT and the companies and emailed the subpoenas to FORLIT and his accountant Ari Propis. Mr. Goldberger later confirmed that FORLIT received the subpoenas. Under the circumstances, there can be no question that the subpoenas were served in a manner reasonably calculated to be received by FORLIT, who in fact actually received them from Mr. Goldberger, as expected.

### CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court deny FORLIT's motion to quash and order him and the Respondents to comply with the lawfully issued subpoenas, and consider imposing reasonable and appropriate attorneys' fees and sanctions related to the scheduled depositions in which the Respondents and FORLIT failed to show and briefing related to such depositions.

Respectfully submitted,

Dated: June 3, 2022                    s/ *Vanessa Singh Johannes*
                                       Michael S. Pasano (FBN 475947)
                                       Email: MPasano@carltonfields.com
                                       Vanessa Singh Johannes (FBN 1028744)
                                       E-mail: VJohannes@carltonfields.com

---

and the other defendants went to extensive efforts to conceal his role in the hacking for many years and Mr. Page only recently provided his sworn affidavit explaining that role in detail.

CARLTON FIELDS P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050

*s/ Ian Herbert*
_____
Kirby D. Behre (admitted *pro hac vice*)
Timothy P. O'Toole (admitted *pro hac vice*)
Ian A. Herbert (admitted *pro hac vice*)
Calvin Lee (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5800
Fax: (202) 626-5801
Email: kbehre@milchev.com

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for Mr. Forlit, Christopher S. Salivar and Elan I. Baret, via such means.  In addition, service was made, via the following e-mail address, to the representative agent for the Respondents:

INSIGHT ANALYSIS AND RESEARCH LLC
13727 SW 152 Street #715
Miami, Florida 33177
c/o Shimon Goldberg
Manager's Office
3200 Collins Ave.
Miami Beach, FL 33140
shimon@srslmanagement.com

SDC-GADOT LLC
3200 Collins Ave., Suite L2
Miami Beach, Florida 33140
c/o Shimon Goldberg
Manager's Office
3200 Collins Ave.
Miami Beach, FL 33140
shimon@srslmanagement.com

                                    s/ *Vanessa Singh Johannes*
                                    Vanessa S. Johannes

129828762.1