AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| Farhad Azima ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 22-mc-20707-JEM |
| Insight Analysis and Research LLC, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Amit Forlit

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Carlton Fields<br>700 NW 1st Ave., Suite 1200<br>Miami, FL 33136 | Date and Time:<br>06/30/2022 10:00 am |
|---|---|

The deposition will be recorded by this method: Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| OR | |
| _____ | s/ Vanessa Singh Johannes |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Farhad Azima
, who issues or requests this subpoena, are:
Vanessa Singh Johannes, 700 NW 1st Ave., Suite 1200, Miami, FL 33136; vjohannes@carltonfields.com; 305-530-0050

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 22-mc-20707-JEM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to 28 U.S.C. § 1782, Farhad Azima, by and through undersigned counsel, requires that Amit Forlit produce for inspection each of the documents and tangible things described below at "DOCUMENTS AND THINGS TO BE PRODUCED."

## INSTRUCTIONS

1. This Subpoena calls for you to undertake a diligent search and produce all documents, electronically stored information, and tangible things identified below under the heading "DOCUMENTS AND THINGS TO BE PRODUCED," that are within your possession, custody, or control, including documents, electronically stored information, and tangible things in the possession, custody, or control of your directors, officers, agents, employees, consultants, representatives, or in the possession, custody, or control of any "person" (as defined herein) whom you control, and, unless privileged, your attorneys.

2. All documents that respond, in whole or in part, to any portion of this Subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

3. If you object to any of these document requests, then you shall state the reasons for your objections. If you object to any part of a document request, then you shall further specify the part. Similarly, if you do not object to a particular document request, but are unable to comply fully with that request, then you shall comply to the fullest extent possible and provide an explanation for your lack of full compliance.

4. When information is withheld from discovery on a claim that it is privileged, subject to protection as trial preparation materials, or otherwise privileged or protected from disclosure, the claim shall be made expressly and shall be supported by a description of the

nature of the document, communications, or things not produced that is sufficient to enable the propounding party to contest the claim of privilege, as provided in Fed. R. Civ. P. 45(e)(2)(A).

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. If any document responsive to this request was, but no longer is, in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

7. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

8. Please produce electronically stored information in accordance with the instructions, data delivery standards, delivery formats, and Adobe PDF file production formats, and with the fields specified, in **Exhibit A ("Miller & Chevalier Standard Production Guidelines")** hereto.

9. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

10. The relevant time period for documents responsive to the following requests shall be between January 1, 2015 until now unless otherwise specified.

## DEFINITIONS

1. The term "any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural, and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things which might otherwise be construed to be outside its scope.

2. The term "communication" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34. "Communication" shall include any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, or telephone calls, chat rooms, or group list serves.

3. The term "document" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34.

4. The term "person" means any natural person, corporation, partnership, firm, proprietorship, limited liability company, association trust, department, organization, joint venture, governmental entity, group of persons or any other entity of whatever nature.

5. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

6. The term "RAKIA" refers to the Ras Al Khaimah Investment Authority, the state-owned investment arm of the United Arab Emirate kingdom of Ras Al Khaimah.

7. The term "Mr. Neil Gerrard" refers to the Dechert LLP partner who represented RAKIA during its investigation of Mr. Azima.

8.     The term "Mr. Stuart Page" refers to the investigator employed by the Ruler of Ras Al Khaimah to investigate Mr. Azima. Mr. Page also employed and paid Mr. Amit Forlit and Insight over the course of the investigation.

9.     The term "Mr. David Hughes" refers to the former Dechert LLP and Stewarts Law LLP partner who assisted Mr. Neil Gerrard in RAKIA's investigation of Mr. Azima.

10.    The term "Mr. Jamie Buchanan" refers to the former CEO of RAK Development LLC. Beginning from November 2014, Mr. Buchanan was authorized to act on RAKIA's behalf.

11.    The term "Page Group" refers to Mr. Page's network of companies through which he operates, including but not limited to Page Group ME Ltd.

12.    The term "Mr. Majdi Halabi" refers to the Israeli journalist and associate of Mr. Forlit who testified falsely on RAKIA's behalf at Mr. Azima's trial that he discovered links to the hacked data through online Google searches.

13.    The term "Alon Omri Gurlavie" refers to the individual listed as the authorized member of Insight Analysis and Research LLC.

14.    The term "Dechert" refers to the international law firm Dechert LLP and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

15.    The term "Stewarts Law" refers to the London-based law firm Stewarts Law LLP and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

16.    The term "the Project" refers to the investigation carried out by Mr. Stuart Page on behalf of RAKIA, alternatively known as "the RAK Project," "Project Beech, or "Project Beach."

17. The terms "torrents" and "WeTransfer links" refer to links to file distribution sites, which were used by the hackers to distribute Mr. Azima's hacked data over the internet.

18. The term "websites" includes all web pages or blogs, including but not limited to https://farhadazimascams.blogspot.com/ and https://farhadazima.wordpress.com/ and https://azimafraud.wordpress.com/

19. The term "Mr. Azima's trial" refers to the January 2020 U.K. trial between RAKIA and Mr. Azima, captioned *Farhad Azima -v- (1) RAKIA (2) David Neil Gerrard (3) Dechert LLP and (4) James Edward Deniston Buchanan* (Claim Number: HC-2016-002798).

20. The term "hacked data" refers to Mr. Azima's data stolen by hackers in 2016 and subsequently used by RAKIA during Mr. Azima's trial in January 2020.

21. The term "Azima's Associates" includes but is not limited to the following individuals:

- Khater Massaad
- Ray Adams
- Afsaneh Azadeh
- Chris Cooper

22. The term "Insight" refers to Insight Analysis and Research LLC and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

23. The term "SDC-Gadot" refers to SDC-Gadot LLC and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

24. The term "Gadot" refers to Gadot Information Services and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

5

25. The term "you" refers to Respondent Mr. Amit Forlit and all employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on your behalf.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All documents and communications from February 2015 to present relating to or reflecting any work performed by you, Insight, or SDC-Gadot, Gadot, or any other entity you performed work for, relating directly or indirectly to Mr. Farhad Azima or Azima's Associates, including but not limited to:

   a. All reports prepared about Mr. Azima and/or Azima's Associates;

   b. All documents of Mr. Azima or others obtained for the Project, including all hacked data from Mr. Azima or Azima's Associates, whether or not it was included in a report;

   c. All engagement letters relating to Mr. Azima or the Project;

   d. All invoices for the Project, including but not limited to invoices sent to Page Group ME Ltd and any other Page Group entity;

   e. All records of payments for the project for you personally, and through Insight, SDC-Gadot, Gadot, or any other entities through which you were paid;

   f. All communications regarding Mr. Azima or Azima's Associates; and

   g. All communications about any websites, torrents, or WeTransfer links relating to Mr. Azima.

2. All documents and communications from January 2018 to present relating to litigation involving Mr. Azima, including but not limited to:

   a. All communications with Mr. Neil Gerrard, Mr. David Hughes, Mr. Jamie Buchanan, Mr. Amit Forlit, Mr. Majdi Halabi, Mr. Stuart Page, Dechert, or Stewarts Law related to Mr. Azima or Azima's Associates;

  b. All documents and communications regarding meetings between or among you and/or any of the conspirators, including at the Hotel Moosegg in Switzerland, any hotel in Cyprus, or any office(s) of Dechert;

  c. All documents and communications regarding meetings or planned meetingsg with U.S. law enforcement regarding Mr. Azima, including meetings in New York and Texas; and

  d. All travel records reflecting trips to Switzerland, Cyprus, England, or the United States.

3. All records related to transactions in the state of Florida or the United States, including all bank records, wire transfers, tax records, and property owned or used by you in the United States.

4. All records related to Alon Omri Gurlavie, including information regarding Mr. Gurlavie's address, date of birth, and United States immigration status.

5. All records related to your United States immigration status, including any prior U.S. immigration documents and applications.