IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-MC-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA

    *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC, and
SDC-GADOT, LLC,

    *Respondents.*

_____/

**PETITIONER'S MOTION REQUESTING SANCTIONS
AND COMPELLING DISCOVERY**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37, paragraph 4 of the Court's June 8, 2022 Order (D.E. 21), and this Court's discovery procedures, the Petitioner hereby moves for reasonable costs associated with the May 2, 2022, May 3, 2022 and June 15, 2022 depositions held for the Respondents Insight Analysis & Research LLC ("Insight") and SDC-Gadot LLC ("Gadot"). Not a single person – even counsel – appeared for either Insight or Gadot at these noticed, scheduled, and held depositions. (**Ex. A**: Deposition Transcripts.) Petitioner also again seeks an order compelling the Respondents to be deposed and to produce responsive documents.

**BACKGROUND**

After conducting a hearing in this matter on June 6, 2022, this Court held that Insight and Gadot are Florida-incorporated entities; were properly served with deposition notices and subpoenas for documents; and must comply with such notices and subpoenas. (D.E. 21; *see also* **Ex. B**: Deposition Notices.) Moreover, the Court ordered that if Insight and Gadot did not appear

1

at depositions scheduled for June 15, 2022, that Petitioner must notify the Court and sanctions could be appropriate under Rule 37.  (D.E. 21 at ¶ 4.)

Counsel for Insight and Gadot, Mr. Salivar, filed a motion on June 14, 2022 seeking to continue the June 15, 2022 depositions, due to scheduling conflicts. Counsel for Respondents notified Mr. Salivar, prior to his filing of that motion, that they would be willing to accommodate his schedule, provided the extension was reasonable. The parties did not come to an agreement regarding scheduling.  Mr. Salivar has represented that his client (and co-counsel) are in Israel and "seven hours ahead," making it difficult for him to often get an answer back.  Despite engaging in conversations with Mr. Salivar regarding a potential continuance, at no point did Petitioner express that the June 15, 2022 depositions would be rescheduled absent a court order granting such relief.

On June 14, 2022, the Court denied Insight's and Gadot's motion to continue the depositions and ordered them to appear on June 15, 2022. (D.E. 29.)  Counsel for Insight and Gadot did not reach out to Petitioner's counsel after the Order was entered.  Rather, Petitioner's counsel contacted Mr. Salivar at 10:00 am EST on June 15, 2022 to inquire whether anyone was going to appear. Additionally, after Petitioner asked if Insight and Gadot were going to produce documents responsive to the subpoenas issued, Mr. Salivar proffered that he has no such documents in his possession.  Specifically, he has stated that his client has not provided him with any documents beyond what he has attached to pleadings in this proceeding.  (**Ex. C**: Respondents' Response to Subpoenas for Documents.)

## RELIEF REQUESTED

At this time, based on the Court's prior orders and Rule 37, Petitioner submits that the following relief is appropriate given Respondents' conduct (*see also* **Ex. D**: Proposed Order):

1. An order granting Petitioner reasonable costs, including court reporter and

videographer fees, and reasonable attorneys' fees associated with preparing for and attending the May 2, 3, and June 15, 2022 depositions and motions related thereto. Petitioner proposes to file a calculation of those costs, including supporting documentation as required under Local Rule 7.3, within three (3) to five (5) days.[1] At this time, a clear message must be sent to Insight and Gadot – and their managing member, Mr. Forlit – that such obfuscations cannot continue. *See, e.g.*, *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460. 465 (11th Cir. 1996); *McBride v. Walmart Stores E., L.P.*, 2020 WL 3001384, at *4 (S.D. Fla. 2020); *D'Agostino v. Keitel*, 2019 WL 112490, at *3 (S.D. Fla. 2019); *Woliner v. Sofronsky*, 2018 WL 5918873, at *7 (S.D. Fla. 2018).

2. An order compelling Insight to be deposed on July 12, 2022 and Gadot to be deposed on July 13, 2022. Mr. Salivar has confirmed that the deponent for each company will be Mr. Forlit. He further states that neither he nor his co-counsel can accommodate a deposition date in June 2022 and that July 12 – 15, 2022 are the best dates for them. Because Petitioner is not interested in seeking punitive remedies against Insight and Gadot that do not result in depositions taking place, as a measure of good faith, Petitioner will work with counsel's schedule. Moreover, given that Mr. Forlit is the proffered witness and his counsel states that Mr. Forlit cannot travel, Petitioner is willing to handle the depositions in a manner to accommodate Mr. Forlit's location preference – Tel Aviv, Israel. Petitioner proposes that the depositions be conducted via Zoom, with attorneys present in both the Southern District of Florida and Tel Aviv. Petitioner understands that Mr. Salivar would appear via Zoom and that his co-counsel, Mr. Baret, would be in Tel Aviv.

---

[1] Rule 37 sets out only three exceptions to the award of attorneys' fees in a situation as this: if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). None of those exceptions apply here. *See, e.g.*, *Anish v. Natl. Securities Corp.*, 2014 WL 5034720, at *5 (S.D. Fla. 2014); *Cypress Estates of Palm Springs Homeowners' Assn., Inc. v. Sec. of Hous. and Urb. Dev.*, 2011 WL 13228143, at *2 (S.D. Fla. 2011); *Wyndham Vacation Ownership, Inc. v. Gallagher*, 2021 WL 4429919, at *1-2 (M.D. Fla. 2021).

Petitioner would send an attorney to Tel Aviv to ensure proper protocols and procedures are followed. Mr. Salivar has advised that his client is amenable to this proposal. Should the Court order the depositions be handled in this manner, and Mr. Forlit then not appear on July 12 and 13, 2022, Petitioner will seek reasonable costs, including attorneys' fees and travel expenses, as well as punitive sanctions and adverse inferences against the Respondents.[2]

3. An order compelling Insight and Gadot to properly comply with duly issued subpoenas requiring document production. On June 14, 2022, the entities responded to the request for documents by filing a document stating, essentially, that they have nothing to provide, aside from what has been attached to briefings in this matter. (D.E.s 27 and 28.) Such a response, Petitioner submits, is improper procedurally and inaccurate factually. It is implausible that Insight and Gadot do not have any documentation responsive to the subpoena requests, such as corporate or account records. Notably, Petitioner requested bank records from the entities' banks and has received records from a bank, showing that Gadot conducted business transactions in Florida from inception through, at least, May 2021. Petitioner requested the same materials from Insight and Gadot, yet no documents were produced. In addition, at D.E. 26, Ex. 5, Mr. Forlit attached a photograph of screen shots between him and Stuart Page, confirming that he communicates with Mr. Page and has responsive communications and documents to the subpoenas. Petitioner requests that responsive documents be produced no later than June 30, 2022, to provide counsel with adequate time to review them prior to the projected depositions, and puts Respondents on notice that if the Court orders as such and they do not comply, Petitioner will seek punitive sanctions.

---

[2] Respondents' counsel has inquired whether, if Mr. Forlit appears as the Rule 30(b)(6) witness, Petitioner will still pursue discovery from Mr. Forlit in his personal capacity (*see* D.E.s 23 and 24). At this time, Petitioner views the depositions of Insight and Gadot separate and apart from that of Mr. Forlit. As such, Petitioner intends to follow the briefing schedule outlined in D.E. 21 at paragraph 5. For the convenience of Mr. Forlit, if the Court orders the deposition of Mr. Forlit in his personal capacity, Petitioner would be willing to conduct that deposition in the same manner and procedure as the Respondents' depositions, and proposes that Mr. Forlit then be deposed on July 14, 2022.

In accordance with Local Rule 7.1(3), Petitioner conferred with Mr. Salivar, via e-mail on June 16 and 17, 2022, regarding his position on the requested relief. Mr. Salivar's position is as follows: (a) he will discuss reasonable costs and attorneys' fees with his clients, who are potentially amendable to cover them without further litigation; (b) he agrees that Mr. Forlit will be corporate representative at the depositions and to the deposition dates and manner proposed herein, but objects to the scope of the current deposition notices; and (c) opposes the request for additional document production, as his position is that the filed notice of compliance was sufficient. The parties will attempt to amicably resolve outstanding issues related to the depositions of Insight and Gadot, and apprise the Court of the status of such discussions no later than June 30, 2022.

At this time, Petitioner does not request a hearing on this matter. If Insight or Gadot fails to appear for a deposition by July 15, 2022, or fails to produce responsive documents by June 30, 2022, Petitioner will file a notice requesting a hearing, per the Court's rules, and seek additional sanctions against the entities under Rule 37.

                                                           Respectfully submitted,

Dated: June 17, 2022                            s/ *Vanessa Singh Johannes*
                                                         Vanessa Singh Johannes (FBN 1028744)
                                                         E-mail: VJohannes@carltonfields.com
                                                         CARLTON FIELDS P.A.
                                                         700 N.W. 1st Avenue, Suite 1200
                                                         Miami, Florida 33136-4118
                                                         Telephone: (305) 530-0050

                                                         *s/ Ian Herbert*
                                                         Ian A. Herbert (admitted *pro hac vice*)
                                                         MILLER & CHEVALIER CHARTERED
                                                         900 16th Street, NW
                                                         Washington, D.C. 20006

                                                         *Counsel for Petitioner*

129943442.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

                                                s/ *Vanessa Singh Johannes*
                                                   Vanessa S. Johannes