IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA

    *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC, and
SDC-GADOT, LLC,

    *Respondents.*
_____/

**PETITIONER'S PROPOSED ORDER ON THE MOTION REQUESTING SANCTIONS AND COMPELLING DISCOVERY**

    **THIS CAUSE** came before the Court upon Petitioner FARHAD AZIMA's motion requesting reasonable costs associated with Insight Analysis and Research's ("Insight") and SDC-Gadot's ("Gadot") failure to appear at depositions and seeking an order compelling Insight and Gadot to again appear at depositions and produce documents [ECF No. ____] (the "Motion"). The Court has carefully considered the Motion and supporting exhibits submitted on file. Accordingly, it is hereby:

    **ORDERED AND ADJUDGED** that:

    1.    Petitioner shall submit reasonable costs, including supporting documentation as required under Local Rule 7.3, associated with the May 2, 3, and June 15, 2022 depositions to this Court **no later than June 22, 2022**. On or by **June 24, 2022**, the Respondents shall file a response to this request, stating their position. If the Petitioner's cost analysis is reasonable, barring an adequate showing by Respondents as to why the costs should not be awarded, the Court will grant

Petitioner's request.

2. Insight shall be deposed **on July 12, 2022** and Gadot **on July 13, 2022**. If Amit Forlit is the deponent, as the Respondents have proffered, the depositions shall take place over Zoom, with Mr. Forlit in Tel Aviv, Israel. For the Respondents, Christopher Salivar will be physically present in the Southern District of Florida and permitted to appear via Zoom. His co-counsel, Elan Baret, will be in Tel Aviv with Mr. Forlit. For the Petitioner, counsel will be permitted to appear via Zoom, provided that at least one attorney is present in Tel Aviv with Mr. Baret and Mr. Forlit, to ensure proper deposition protocols and procedures are followed.

This is the *third time* the Court has ordered these entities to submit to a duly noticed and scheduled deposition. [*See* ECF Nos. 21 and 29.] The Court is permitting a third opportunity – and not holding the entities in contempt or issuing punitive sanctions at this time. However, if the depositions of a knowledgeable Rule 30(b)(b) witness do not take place by July 15, 2022, Petitioner shall file a notice of hearing with the Court and the Court will consider issuing additional sanctions under Rule 37 and findings of adverse inference against the Respondents.

3. Insight and Gadot shall comply with the duly issued subpoenas requiring document production. The Court has reviewed the submissions provided by Respondents to the Petitioner (D.E.s 27 and 28) and they are deficient. Counsel for Respondent must make every effort possible to ensure that his clients are providing any and all responsive documents in their possession, including company and bank records, to the Petitioner. Such documents shall be produced **no later than June 30, 2022**.

4. The Parties shall provide the Court with a joint filing regarding the status of this matter **no later than June 30, 2022** and, until then, shall continue to confer to amicably resolve outstanding issues.

5. The Court retains jurisdiction over this matter for purposes of enforcing this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of June, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record