IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: Application Pursuant to<br>28 U.S.C. 1782 of<br><br>FARHAD AZIMA<br><br>      Petitioner,<br>v.<br><br>INSIGHT ANALYSIS AND RESEARCH,<br>LLC, and SDC-GADOT LLC,<br><br>      Respondents, | Case No.: 22-20707-MC-MARTINEZ |

## RESPONDENTS' OBJECTIONS TO MAGISTRATE'S ORDERS AND REQUEST FOR DISTRICT COURT REVIEW PER LOCAL RULE 4, AND PER 28 USC § 636

Respondents, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC, by and through the undersigned attorneys, hereby file this, their Objections to Magistrate's Orders and Request for District Court Review per Local Rule 4 and 28 USC § 636, as follows:

1. After the Petitioner initiated this 28 USC § 1782 discovery proceeding on March 8, 2022, this Court conducted a review of the Petitioner's filed materials, and thereafter entered DE 5, which states, in part, as follows:

   1. The Application (ECF No.1) is GRANTED.

   2. Petitioner is **GRANTED** leave to serve Insight Analysis and Research LLC and SDC-Gadot LLC with a subpoena for the production of documents and electronically stored information responsive to the categories of information and requests set forth in Exhibit H to the Application, (ECF No. 1-11), consistent with Rules 34 and 45 of the Federal Rules of Civil Procedure.

   3. Respondents shall comply with such subpoenas in accordance with, and subject to, her rights under the Federal Rules of Civil Procedure and the Rules of this Court.

2. Thereafter, Petitioner served copies of the subject document production subpoenas (as proffered as Exhibit "H" to his Petition and as approved by this Court in DE # 5) upon the registered agent (Shimon Goldberger) for both Respondent entities.

3. Neither Respondent possessed a local agent or employee, and Mr. Goldberger sent the served document production subpoenas via e-mail to a foreign representative, which was not received when initially sent as Mr. Goldberger used an invalid e-mail address for Mr. Amit Forlit (the foreign party to whom Mr. Goldberger sent the document production subpoenas via e-mail).

4. Thereafter, and <u>without obtaining leave of Court</u>, the Petitioner issued and sent via e-mail copies of Rule 30(b)(6) deposition notices for remote depositions to each Respondent (and an individual non-party, Amit Forlit).

5. Again, the Respondents possessed no local agent who could appear physically for the unauthorized depositions, and no party attended the depositions on the date originally set by the Petitioner.

6. Thereafter, a limited notice of appearance, and a Motion to Quash and Motion for Protective Order, were filed by your undersigned on behalf of non-party AMIT FORLIT (See DE #7).

7. This Court then issued DE #8, which referred non-party AMIT FORLIT'S Motion to be presided over by Magistrate Judge Becerra.

8. Magistrate Judge Becerra's office requested the parties provide dates of availability for a hearing on AMIT FORLIT'S Motion. In response, counsel for the Petitioner advised that Petitioner would be filing a Response to the Motion, and also a Cross-Motion to Compel directed to these Respondents. Thereafter, the Court set a hearing for June 6, 2022 to address AMIT FORLIT's Motion, and Petitioner's Response and Cross-Motion.

9. Though no Order of referral was ever issued for the Petitioner's Cross-Motion, Magistrate Judge Becerra heard the Cross-Motion on June 6, 2022, and an Order reflecting the ruling was thereafter entered on June 8, 2022 (See DE # 21).

10. As reflected in the hearing transcript for the June 6, 2022 hearing (See DE # 30), the Cross-Motion was addressed by Magistrate Judge Becerra first, as no counsel of record had yet appeared in this action on behalf of these Respondents. From the outset, Magistrate Judge Becerra assumed that this Court had issued authority for service of a) document production subpoenas, and b) Rule 30(b)(6) deposition subpoenas, which was factually inaccurate and was not corrected by the Petitioner's counsel.

11. Thereafter, Magistrate Judge Becerra indicated that depositions should be reset in short order (suggesting 7-10 days), whereafter sanctions would be imposed immediately if no representative appeared on behalf of the Respondents.

12. In Judge Becerra's June 8, 2022 Order, the following is stated in regards to the Cross-Motion to Compel and these Respondents:

> (1) The Cross Motion to Compel is hereby **GRANTED**. Respondents were properly served and have elected not to appear for deposition. For the reasons stated at the hearing, Respondents are hereby **ORDERED** to provide its corporate representative(s) to appear for a deposition and produce documents as requested by the subpoenas.
>
> (2) The deposition of the representative for Respondent Insight Analysis and Research LLC will be on **Wednesday, June 15, 2022**, at **10:00 a.m.,** and the deposition of the representative for Respondent SDC-Gadot LLC will be on **Wednesday, June 15, 2022**, at **2:00 p.m.**
>
> (3) Respondents failure to attend the deposition and/or otherwise comply with the subpoenas that have been served could result in SANCTIONS under Rule 37 of the Federal Rules of Civil Procedure.
>
> (4) Should Respondents fail to comply with this Order, Petitioner shall email Chambers to set the matter for hearing no later than June 20, 2022, and may file a Motion of no more

than 5 pages regarding what sanctions should be imposed for Respondents' failure to comply with this Court's Order.

*See* DE 21.

13. The day after DE 21 was entered, your undersigned counsel filed a Notice of Appearance on behalf of the corporate Respondents. See DE 22.

14. Immediately upon appearing in this action, your undersigned began communicating with counsel for the Petitioner in good faith to address compliance with the Court's June 8, 2022 Order, and to address the discovery sought by the Petitioner in this proceeding. As part of those communications, your undersigned again advised the Petitioner's counsel that no local agent exists in the United States for either Respondent, and that a representative is located in Israel who may be able to testify.

15. Your undersigned also directly addressed an action taken by the Petitioner that, again, was never authorized by this Court.

16. Specifically, immediately after entry of the June 8, 2022 Order, **the Petitioner issued two (2) entirely new Rule 30(b)(6) notices for deposition for each Respondent**. Copies of same are attached hereto as Exhibit "1", for direct comparison with the prior Rule 30(b)(6) notices issued by the Petitioner for the prior May 2 and May 3 deposition dates (which are attached hereto as Exhibit "2").

17. Of note, the Petitioner decided to unilaterally expand, with no authorization from the Court, the intended scope of inquiry for depositions which Magistrate Judge Becerra had just directed (on June 8, 2022) be conducted on June 15, 2022.

18. This expansion of the Rule 30(b)(6) designations provided the Respondents with <u>only six (6) days</u> to procure and prepare potential deponents, with two (2) of those days being an intervening Saturday and Sunday.

19. It is a patent deprivation of due process of law for the Respondents to be ordered to produce deponents prepared to testify about the matters identified in an expansive new Rule 30(b)(6) deposition notice that was served <u>only six (6) days before</u> the intended dates of the depositions, and where Court Order and the threat of sanctions have been entered if compliance is not had.

20. This is a proceeding under 28 USC 1782, not a direct action against the Respondents by the Petitioner asserting a civil cause of action against them. Other than the assistance of the Court in conducting discovery, no other relief was sought in the Petition by the Petitioner as to these Respondents.

21. The purpose and point of this action is to assist the Petitioner, as a litigant in foreign proceedings in which claims are being brought against third parties (i.e., parties other than the Respondents), <u>to obtain relevant information</u> which this Court has determined falls within the Court's discretion to grant after certain factors have been considered by the Court.

22. In the context of a direct civil action, the Courts in the Middle District of Florida have held that it is not reasonable to provide notice of new areas of inquiry for a Rule 30(b)(6) deposition on only seven (7) days' notice. See *Homes & Land Affiliates, LLC v. Homes & Loans Magazine,LLC*, 2008 U.S. Dist. LEXIS 108363, 3-4 (M.D. Fla. 2008) ("<u>Defendants also added to the Rule 30(b)(6) deposition notice a category that sought gross revenue information (category # 15). Doc. No. 35-5.According to Plaintiff, it was served on Plaintiff's registered agent corporation less than seven days before the deposition and there was insufficient notice</u>

<u>or time to gather the documents showing all of the grosser venues, prepare a witness on the matter, and/or file objections or seek a protective order</u>. Doc. No. 36.... Defendants' original Notice dated July 7 did not list the documents to be produced; it was not until the Notice served on July 21 that the documents were added to the Notice, just seven days before the scheduled deposition of July 28, 2008. Such notice was insufficient under Middle District Local Rule3.02(a), which required at least ten days notice. Seven days notice also was not reasonable as required in the Federal Rules in light of the fact it was served on Plaintiff's corporate registered agent located in Weston, Florida, and not simply via a discovery request on Plaintiff's counsel (which would have required at least 30 days be allowed for a response). For the same reason, Defendants' belated addition of category# 15 seeking gross revenue information was untimely served on Plaintiff, left insufficient time for it to adequately prepare its corporate representative, and will not be compelled.")

23. This Court previously agreed in *In Aircraft Parts Exch., Inc. v. Jet Parts at Cost, Inc.*, 2013 U.S. Dist. LEXIS 199662 (S.D. Fla. 2013), wherein this Court granted a protective Order where a party sought to set multiple depositions of an opposing party on only five (5) days' notice and with intervening holidays complicating the rescheduling of any of the subject depositions. "Here, the Court finds that requiring Defendant to prepare for four depositions to be taken on the same day (in two different states)[1] and upon only five days notice is [*3] patently unreasonable. That the depositions are set to occur two days before the Thanksgiving holiday and six (6) days before the close of discovery only accentuates the unreasonableness. <u>See id.</u> (finding that eleven days notice of Rule 30(b)(6) deposition during the Christmas holidays and two weeks before the discovery deadline was unreasonable).

Moreover, in setting these depositions upon five days notice, Plaintiff has clearly violated Local Rule 26.1(i). This Local Rule requires that a party give at least seven days notice before deposing an individual or entity within Florida and at least fourteen days notice before deposing an individual or entity outside the state. Indeed, "[f]ailure by the party taking the oral deposition to comply with this rule obviates the need for a protective order." S.D. Fla. L.R. 26.1(i). Accordingly, Defendant's Motion for Protective Order Requesting that Certain Third Party Depositions Not be Held (DE 42) is GRANTED." *See Id*.

24. Here, the Petitioner's conduct has actually deprived the Court of review of the new proposed Rule 30(b)(6) Notices, and has prevented the Court from performing the necessary *Intel* analysis to determine if the new Rule 30(b)(6) Notices are proper and that the discovery sought thereby should be allowed[1], [2]. Moreover, considering the scope of the new Notices, it is clear

---

[1] Neither Order subject to this Request for Review denotes that an Intel analysis was performed as to the Rule 30(b)(6) Notices of Deposition issued by the Petitioner.

[2] In *In re Ex Parte Petition by AG*, 2021 WL 5231630 (S.D. Fla. 2021), the Court stated: "To obtain discovery under 28 U.S.C. 1782, the following threshold showing must be made: the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. 1782) (footnote omitted). … Even when the statutory requirements of section 1782 are met, the Court is not required to grant a petition. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004). The Supreme Court in Intel Corp. set forth the factors that may inform the district court's discretion in deciding to grant a section 1782 petition. 542 U.S. at 264-65. The discretionary factors that may be considered are as follows: (1) whether the persons from whom the discovery is being sought are participants in the foreign proceeding; (2) the nature and character of the foreign proceeding and the receptivity of the foreign tribunal to United States federal judicial assistance; (3) whether the request is an attempt to circumvent foreign proof-gathering limitations; and (4) whether the discovery sought is unduly intrusive or burdensome. Id. "The discretionary factors come into play after the statutory requirements have been satisfied, and they are guideposts which help a district court decide how to best exercise its discretion." Dep't of Caldas v. Diageo PLC, 925 F.3d 1218, 1223 (11th Cir. 2019)."

that they would not pass scrutiny under an Intel analysis (particularly the forth prong), where the following are the new proposed areas of inquiry[3]:

1. The formation of SDC-Gadot LLC;

2. The relationship of SDC-Gadot LLC to Insight Analysis and Research LLC;

3. The relationship of SDC-Gadot LLC to Gadot Information Services;

4. The identity and roles of all employees, officer, directors, managers, or other individuals associated with SDC-Gadot LLC, including but not limited to Amit Forlit and Alon Omri Gurlavie;

5. The identities and roles of any accountants, lawyers, and registered agents used by SDC-Gadot LLC, including but not limited to Ari Propis and Shimon Goldberger;

6. The nature of the work performed by SDC-Gadot LLC, who that work was performed for, and the individuals and companies used to perform that work;

7. The nature and extent of the work performed for Stuart Page, Page Group, Page Risk Management, or any other entities related to Stuart Page;

8. The account information related to SDC-Gadot LLC, including details of the bank accounts held by SDC-Gadot LLC, details regarding the transactions identified in SDC-Gadot LLC's bank statements, and details regarding the use of debit cards held by SDC-Gadot LLC;

9. The nature and purpose of all transactions conducted by SDC-Gadot LLC, including but not limited to transactions conducted with the following entities: Insight Analysis & Research LLC; Page Group ME DMCC; Florida IP Telecom Inc.; Overseas Consulting; optimizerx; Page Risk Management DMCC; Txt Tecno Servicios SA de CV; Blenheim Investment Holding Vietna; Global Impact Services LLC; Fusion GPS; Olam Hamachshevim; Aviram Hawk Consultant; Gadot Information Services; Sharon Hashimshoni; BMI Analysis Limited; Liv Consulting Ltd.; David Shnaider; Mona Tours Ltd.; Ezekiel Golan Intellectual Pro; Dinka Analysis Services; KMI Ground Inc.; MMCO LLC t/a Don Rosen Imports; RMDY Health Inc.; PandaFace Ltd.; Shira Betzalel; and TPV Inventa Trading S.R.O.

10. The nature and extent of all business conducted in Florida by SDC-Gadot LLC, Amit Forlit, or any other individuals associated with SDC-Gadot LLC, including

---

[3] The following is taken from the Rule 30(b)(6) Notices sent to SDC-GADOT, LLC, however the Notices sent to Respondent INSIGHT ANALYSIS AND RESEARCH, LLC is nearly identical but for an alteration of areas 1, 2, 3, 4, 5, 8, 9, 10, 12, and 13 to identify INSIGHT ANALYSIS AND RESEARCH, LLC as opposed to SDC-GADOT, LLC.

but not limited to all transactions with Florida companies, all transactions conducted in Florida, and all property owned in Florida.

11. All work related to Farhad Azima, including but not limited to work regarding the investigation of Mr. Azima and others affiliated with Mr. Azima, the hacking of Mr. Azima and others affiliated with Mr. Azima, and the obtaining of Mr. Azima's confidential data;

12. The litigation between Mr. Azima and Ras Al Khaimah Investment Authority in both the United States and the United Kingdom, including but not limited to all meetings related to that litigation in which an individual associated with SDC-Gadot LLC participated;

13. All interactions between anyone affiliated with SDC-Gadot LLC and anyone affiliated with Ras Al Khaimah, Dechert LLP, Stewarts Law, Vital Management Services Inc., Grayson + Co. Ltd., Karv Communications, CyberRoot, and Majdi Halabi; and

14. The prior document and deposition subpoenas served in this proceeding and the failure to comply with those subpoenas.

25. Of the new proposed areas of inquiry, only areas 11, 12, 13, and 14 are in any way tailored to the underlying discovery requested in the filed Petition, or the documents sought pursuant to the production subpoenas approved by this Court at DE # 5. The remaining areas of inquiry are essentially unlimited, and seek to probe and inquiry about any and all business, employees, affiliations, relations, communications with attorneys, and monetary transfers ever conducted at any time by the identified Respondent.

26. The Respondents (through the undersigned counsel) advised Petitioner's counsel of the Respondents' objection to these new proposed areas of inquiry, and sought to address this issue when DE 25 and DE 26 were filed on June 14, 2022 (prior to the June 15, 2022 date for compliance set by Judge Becerra's June 8, 2022 Order).

27. The Respondents also timely served (on June 14, 2022) responses to the document production subpoenas originally approved by this Court via DE 5.  See DE 27 and 28.

28. The Respondents' Motion for Extension of Time, and Motion for Protective Order, were then denied by an Order of Magistrate Judge Becerra (DE 29) entered less than five (5) hours after they were filed.

29. In DE 29, Magistrate Judge Becerra expressly stated the following as the basis for the complete rejection and denial of DE 25 and 26:

> "As stated by the Court at the hearing, the Rule 30(b)(6) deposition notices had been properly served on Respondents such that Respondents had notice of the deposition scheduled for Insight on May 2, 2022 and on Gadot for May 3, 2022. As stated at the hearing and memorialized by Order, the Court re-set the depositions for June 15, 2022, and explicitly advised of potential penalties should Respondents fails to appear for those depositions as set by the Court. Mr. Salivar filed a Notice of Appearance on behalf of Respondents on June 9, 2022. ECF No. [22]. Notwithstanding the Court's clear directive concerning possible sanctions for failure to comply with the Order, Respondents ***less than twenty-four hours*** before the first deposition is set to begin, filed the Motion for Extension and Motion for Protective Order. Their counsel, who was present during the Court's hearing, filed a notice of appearance five days ago. This requested relief must be rejected as nothing more than a last-minute attempt to thwart judicial process."

30. It is clear from DE 29 that no consideration was given at all to the issue of the new Rule 30(b)(6) deposition Notices that were unilaterally prepared and served by Petitioner on June 8, 2022, or the impossibility of the Respondents to locate a representative or representatives competent to testify about these new matters (which still have, to this date, not been considered by, or approved by, this Court) on only six (6) days' notice. Magistrate Judge Becerra's Order also commented that the parties had knowledge of the issues raised in the Motion for Protective Order "for weeks", and that if the Motion had been filed even a day earlier, a hearing could have been convened to address the Motion. However, this is factually inaccurate, as the new Rule 30(b)(6) Notices were issued on June 8, 2022, and were provided

at that point for the very first time. This left the Respondents with only four (4) intervening business days to retain counsel, and file Motions seeking relief from this Court.

31. Moreover, it is clear that DE 29 did not consider the fact that no local agent of either Respondent existed, and that the proposed corporate representative was physically located in a foreign jurisdiction (Israel), a fact that was known to the Petitioner prior to June 6, 2022.

32. While your undersigned is abundantly cognizant of, and is actively trying to abide by, the expedited time constraints this Court is seeking to place upon completion of discovery in this 28 USC § 1782 proceeding, the Respondents right to due process cannot be swept aside for sake of expediency and convenience. And the filing of a Motion for Extension of Time and Motion for Protective Order only three (3) business days after the appearance of counsel was in no way an attempt to unnecessarily or improperly delay these proceedings or to thwart judicial process.

33. Here, the Petitioner unilaterally expanded (greatly) the Rule 30(b)(6) notices, without ever coming before the Court to have a determination made by the Court that the *Intel* factors allowed for such expanded discovery, and the Respondents were left with only six (6) days to act (two of which were a Saturday and a Sunday). Petitioner also failed to seek to confer with your undersigned about the greatly expanded scope of the June 15, 2022 depositions, despite receiving your undersigned's written objections (as set forth in Exhibit "3" and discussed during telephone conversations).

34. Your undersigned would proffer that your undersigned's efforts to resolve these matters in direct discussions with Petitioner's counsel (as can be seen by Exhibit "3" attached hereto), and the timeliness of preparing and filing a Motion for Extension of Time and Motion for

Protective Order only three (3) business days after appearing in this action, should not be a basis to prejudice the Respondents, but rather a hearing should be convened to grant de novo review of the Court's June 14, 2022 Order, the Court's June 8, 2022 Order, and to conduct an actual hearing before this Court on DE 25 and 26, to determine whether the *Intel* factors allow for, or uphold, the greatly expanded discovery now sought by the Petitioner[4].

35. As noted in the Motion for Protective Order, specific new areas of inquiry go into matters which are in no way, shape, or form directed to the Petitioner or the mattes Petitioner has indicated are at issue in the UK Proceedings, and Petitioner has made no attempt to even discuss how the new areas of inquiry tie into, or are relevant to, the UK Proceedings.

36. Finally, Respondents would note that a directive of Magistrate Judge Becerra given during the June 6, 2022 hearing (i.e., providing a copy of the hearing transcript to the Respondents) was never followed by the Petitioner. Per Exhibit "4" attached hereto, your undersigned was sent a courtesy copy of the Order entered by Magistrate Judge Becerra on June 8, 2022, as well as the newly expanded Rule 30(b)(6) Notices issued by Petitioner's counsel. However, no copy of the June 6, 2022 hearing transcript was enclosed.

37. Your undersigned was thereafter required to obtain a copy of said transcript directly from the appearing court reporter in order to prepare this Objection and Request for Review.

38. In summation, Respondents assert the following:

---

[4] As stated by the Honorable Beth Bloom in *In re Kurbatova*, 2019 U.S. Dist. LEXIS 84030 (S.D. Fla. 2019), "The Intel factors include: 1) whether the respondents are parties in a foreign proceeding; 2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign tribunal to assistance from a U.S. federal court,  3) whether [*8] the discovery application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and 4) whether the request is intrusive or burdensome."  These factors are to be considered by a Court in addition to whether

    a. Error was committed in the entry of the June 8, 2022 Order granting the Cross-Motion to Compel, as the original Rule 30(b)(6) depositions were never authorized by Order of this Court;

    b. Error was committed in the June 14, 2022 Order denying Respondents' Motion for Extension of Time and Motion for Protective Order, as the Court failed to even consider a) the short timeframe between issuance of the new and greatly expanded Rule 30(b)(6) Notices, b) the date set for the depositions, c) the unavailability of Respondents' counsel, d) the unavailability of a local agent for the Respondents, e) the impossibility of preparing a deponent in 6 days (with an intervening weekend) on the greatly expanded areas of inquiry, f) the fact that no *Intel* analysis was ever conducted as to the new Rule 30(b)(6) notices, g) the fact that this Court's Order [DE #5] never authorized the original Rule 30(b)(6) Notices in the first place, and h) and the Court's admonition that Rule 37 sanctions (including "adverse inferences") may come into play if the Respondents did not produce an agent for depositions on June 15, 2022;

    c. Error was committed by the Magistrate Judge in seeking to reset a deposition of these Respondents with insufficient time for them to locate and produce a proper corporate representative, and where the Magistrate Judge was already informing Petitioner's counsel to come before the Court within five (5) days if no party appeared on the date of the reset depositions.

39. The instant proceeding is not a direct action in which the Petitioner has filed a claim seeking an award of damages, injunctive relief, or other civil relief against the Respondents. These Respondents are non-parties to the underlying UK proceeding, and this is a statutory

proceeding for discovery to obtain documents or materials for use in the aforementioned UK proceeding (discovery which is supposed to be relevant to, and attenuated to, the actual claims asserted therein by the Petitioner against the foreign party Defendants). As such, "adverse inferences" under Rule 37 are not even applicable, as there is no direct action against these Respondents for which the inferences would apply, and it would constitute a deprivation of due process to grant "inferences" which would be used against the foreign party Defendants to support Petitioner's claims against them (or to prejudice their defenses) where they are not parties to this proceeding and they are not being afforded due process themselves.

40. Moreover, due process requires that the rights and privacy interests of these Respondents be considered by this Court, and this Court determine that the discovery material now sought (which is greatly beyond what was referenced in the initial Petition) passes an *Intel* analysis, and that in the Court's discretion it determines that discovery depositions be allowed pursuant to the newly expanded Rule 30(b)(6) notices.

41. Finally, the Cross-Motion to Compel, the Motion for Extension of Time, and Motion for Protective Order were all filed and ruled upon by a Magistrate Judge without any Order of referral by the District Judge.

42. For the foregoing issues, this Request for review has been filed within fourteen (14) days of each Order identified herein for which review is sought.

**WHEREFORE** Respondents, request this Court GRANT this Request for Review, that this Court set a hearing and hold a de novo review of the rulings of the Magistrate as reflected in DE 21 and DE 29 and thereafter vacate and set aside same, that this Court reconsider and GRANT the Respondents' Motion for Extension of Time (DE 25) and Motion for Protective Order (DE 26) after

a hearing on same, and that this Court GRANT the Respondents such other and further relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of June, 2022, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

Respectfully submitted,

By: */s/ Christopher S. Salivar, Esq.*
Christopher S. Salivar, Esquire
Florida Bar No.: 57031
6576 Whispering Wind Way
Delray Beach, FL 33484
Tel: (561) 628-8908
Email: cssalivarattorney@gmail.com

By: */s/ Elan I. Baret, Esq.*
Elan I. Baret, Esquire
Florida Bar No.: 20676
3999 Sheridan Street, 2nd Floor
Hollywood, Florida 33021
Tel: (954) 486-9966
Facsimile: (954) 585-9196
Email: elan@baretlawgroup.com