IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA

*Petitioner*,

v.

INSIGHT ANALYSIS AND RESEARCH, LLC,
SDC-GADOT, LLC, and
AMIT FORLIT,

*Respondents.*
_______________________________________/

**PETITIONER'S RESPONSE TO RESPONDENTS' OBJECTIONS [D.E. 34]**

**INTRODUCTION**

On June 22, 2022, the Respondents filed "objections" to the Court's orders issued in this matter at D.E.s 21 and 29 (*see* D.E. 34; hereinafter, the "Objections"). In the Objections, Respondents appear to argue the following:

(a) depositions of Insight and Gadot were never granted by the District Judge at D.E. 1 and, thus, the Magistrate Judge should not have granted a motion to compel Rule 30(b)(6) depositions for those entities (D.E. 21);

(b) the deposition notices for Insight and Gadot, as reissued on June 8, 2022 after a hearing (on June 6, 2022), are overly broad, fail to provide Insight and Gadot with proper and due notice, and violate the Order at D.E. 21;

(c) the Magistrate Judge prematurely, and without cause, entertained the issuance of sanctions against Insight and Gadot in D.E. 21;

(d) that Insight and Gadot are somehow being pressured into producing Rule 30(b)(6) representatives on short deadlines imposed by the Magistrate Judge, thereby violating their due process rights; and

(e) Insight and Gadot's response to the document subpoenas are sufficient and should not be compelled to produce any additional materials.[1]

Petitioner opposes the Respondents' Objections, for the reasons explained below.[2]

## ARGUMENTS

### I. The Initial Application Requested Rule 30(b)(6) Depositions for Insight and Gadot.

On March 8, 2022, the Petitioner filed for leave to take discovery, which included depositions of corporate representatives for, and subpoenaed documents from, Insight and Gadot. (D.E. 1.) The initial application, memorandum, and supporting documents are lengthy – 372 pages total – but the relief requested was clear, evidenced by the very first paragraph of D.E. 1:

> "Farhad Azima respectfully moves for an order pursuant to 28 U.S.C. § 1782 to allow him to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 directing Insight Analysis and Research LLC ("Insight") and SDC-Gadot LLC ("Gadot") (collectively "Respondents") to produce documents and ***submit to depositions*** for use in connection with a case pending in the High Court of Justice of England and Wales (the "UK Court") styled *Farhad Azima -v- (1) RAKIA (2) David Neil Gerrard (3) Dechert LLP and (4) James Edward Deniston Buchanan*

---

[1] Respondents also seem to raise additional arguments, including that service of process (regarding the subpoenas and depositions notices) were improper. Petitioner will not address these arguments, as they are unclear, convoluted and/or moot. Respondents have counsel, who agreed, at the June 6, 2022 hearing, to accept service of process for his clients. Proper service was made and due notice was given. At this time, Petitioner will move forward and address substantive arguments, so that the merits of the requests can be resolved.

Additionally, given the extent of the briefing in this cause, Petitioner will not recite the factual or procedural background for the Court herein. Rather, Petitioner incorporates and relies upon D.E.s 23, 24, 32, and 33 herein.

[2] Petitioner previously proffered to this Court, in D.E. 32, that the parties were amicably working towards a resolution for the Insight and Gadot deposition dates and location, and there was no need for a hearing on that issue at this time. Based on Respondents' filing of the Objections, however, Petitioner rescinds that position and respectfully requests that the Court address this issue at the status hearing on June 24, 2022. Moreover, Petitioner proposed certain deadlines at D.E. 32, at Ex. D, which he requests that the Court determine at the June 24, 2022 hearing. Petitioner can submit, for example, its reasonable costs related to D.E. 32 as early as June 27, 2022.

(Claim Number: HC-2016-002798) (the "UK Proceedings")."

(*Id.* at p. 1, emphasis added.)

The Court granted Petitioner's application, after careful consideration [D.E. 5, at ¶ 1 ("The Application, (ECF No. 1), is **GRANTED**.").] As such, on March 11, 2022, subpoenas for documents were served on the entities' registered agent, and on April 7, 2022, deposition notices were issued for the entities and also served on the registered agent. A deposition notice for FORLIT was also issued. The deposition notices for the entities stated that the depositions would be taken on May 2, 2022 and May 3, 2022. The registered agent acknowledged service of the deposition notices and subpoenas for documents.

The entities failed to appear at the May 2022 depositions. FORLIT moved to quash the subpoena *duces tecum* related to him, via his attorney, Mr. Salivar (D.E. 7). Petitioner cross-moved to enforce the discovery, as sought (D.E. 14). On June 6, 2022, the Court held an in-person hearing on those filings, and granted the motion to compel against the companies. In doing so, the Court held that the entities had been properly served deposition notices and subpoenas for documents and had defaulted on their obligations. (D.E. 21) The Court provided a time period to cure such default – and advised Insight and Gadot that they must comply with deposition notices and subpoenas for documents, or risk sanctions being issued against them. Depositions were scheduled for June 15, 2022 for both entities. Again, the entities failed to show. (*See* D.E. 32.)

By the time the entities defaulted again, they had counsel – specifically, after the June 6, 2022 hearing, at which Mr. Salivar was present on behalf of FORLIT, Mr. Salivar filed notices of appearance as counsel for the entities as well as FORLIT. As such, Mr. Salivar was notified, via e-mail correspondence with Petitioner's counsel and D.E. 21, that the depositions of Insight and Gadot would take place on June 15, 2022. Notably, until filing the Objections, at no point after

filing an appearance did Mr. Salivar contest the Petitioner's initial application request seeking such depositions or raise any issues with the discovery sought in D.E. 21. Rather, in D.E.s 25 and 26, Petitioner sought to continue the depositions so that he, his co-counsel, and the proffered Rule 30(b)(6) witness for the entities, FORLIT, could properly arrange their schedules and be present, via Zoom or in-person, for the depositions.

Petitioner submits that Mr. Salivar did not raise this issue beforehand because no valid issue exists. The initial application, though lengthy and detailed, clearly sought such relief and the Court granted it. Moreover, Mr. Salivar cannot credibly claim that he and his clients did not receive proper notice that such discovery was being sought. Mr. Salivar filed a notice of appearance for FORLIT in this matter on May 2, 2022 (D.E. 6). As early as then, he knew of the discovery being pursued from Insight and Gadot, entities that FORLIT formed, controls, and manages, and FORLIT himself. In addition, in his filings with this Court, as well as numerous correspondences with Petitioner's counsel, Mr. Salivar has stated that Insight and Gadot would submit to depositions, with FORLIT appearing as the corporate representative for both entities. *See* D.E. 25, at ¶ 5 ("Respondents wish to comply with the Court's Order, but require more time to have the deposition rescheduled to a date when counsel for the Respondents is available."). It is befuddling for him to now argue that the depositions were never properly ordered and are unenforceable by this Court.

## II. The Deposition Notices, as Issued on June 8, 2022, are Proper under Rule 26.

Mr. Salivar argues that after the June 6, 2022 hearing, whereat the Court granted the Petitioner's cross-motion to compel discovery from Insight and Gadot, that Petitioner improperly expanded the scope of the deposition notices. To be clear, the deposition notices for Insight and Gadot were re-issued on June 8, 2022 to provide for new dates (that is, June 15, 2022 versus May

2, 2022 and May 3, 2022, respectively) and give additional details regarding the deposition scope. As the Court is aware, there is a case in the United Kingdom underlying the discovery sought here. As more discovery is garnered in relation to that case, Petitioner learns more about the Respondents, FORLIT, and their respective roles in the scheme. For example, in April 2022, when the deposition notices were first issued to Insight and Gadot, Petitioner did not have the bank records for the companies. Now that Petitioner does, there are additional questions – related to financial transactions in the records – that are relevant to the U.K. Proceeding. As such, Petitioner provided additional details in the re-issued deposition notices to account for either new information learned – or give Respondents more details about the issues he seeks to cover.

Moreover, Petitioner does not have to identity every single question or topic he plans to ask Insight and Gadot under Rule 26. Rather, Petitioner has to only provide sufficient notice and ask good-faith based questions related to the proceedings at hand, for which he plans on doing. *See, e.g.*, *King v. Pratt & Whitney, a Div. of United Technologies Corp*., 161 F.R.D. 475 (S.D. Fla. 1995); *Bowers v. American Heart Association, Inc*., 2007 WL 9702160 (N.D. Ga. 2007). The revised notices simply put Insight and Gadot on notice of the topics that Petitioner intends to ask about so that the corporate representative, FORLIT, could be properly prepared.

In addition, there has clearly been extensive briefing in this case, and Petitioner submits that Respondents are aware of the scope of the U.K. Proceeding and that all of the topics identified in the deposition notices are relevant to that case. For instance, as discussed *ad nauseum*, Stuart Page has signed an affidavit stating that he hired FORLIT to conduct investigative work against Petitioner; that FORLIT hacked Petitioner's data as a part of that work; that FORLIT was compensated substantially, at an average rate of $250,000 per month, for his efforts, between 2015 and 2020; and that the monies were paid, in part, to Insight and Gadot. Accordingly, Petitioner

should be able to ask broad questions about the formation of Insight and Gadot during this time period, including who formed the entities, why they were formed, and what their operations encompass. Such topics as these are related to the U.K. Proceeding, not overly broad, consistent with Rule 26(b)(1), and should be permissible areas for Petitioner to probe during questioning of Insight and Gadot. *See, e.g., In re England/Bahamas*, 2021 WL 3270074 (S.D. Fla. 2021).

Particularly given Respondents' cavalier response to the document production subpoenas, discussed in D.E. 32, Petitioner is concerned that Insight and Gadot are merely seeking to limit the scope of the depositions to avoid providing any relevant or useful information through this discovery process. Such gamesmanship should not be allowed. As such, Petitioner submits that the Court should order that the corporate representative for Insight and Gadot can be questioned about the topics in the June 8, 2022 deposition notices.

## III. Insight and Gadot's Document Productions Are Deficient and Fail to Comply with Rules 26 and 34 and the Court's Order.

Petitioner has addressed this matter in D.E. 32 and relies upon the arguments made therein to support his claim that the document production by these entities are wholly deficient. To be clear, neither Insight nor Gadot produced ***a single document*** – not a corporate record, financial record, e-mail, nothing – in response to the document subpoenas issued. This cannot be accurate, given FORLIT's own assertions – that is, that he worked for Mr. Page, purchased "dumped information found on online databases and servers," and conducted "database searches" regarding Petitioner. *See* D.E. 17-4. FORLIT even admits that, "[he] did show Stuart Page the existence of online links" to Petitioner's stolen data. *Id.* Clearly, the entities, who received payments for such work, have relevant documents responsive to the subpoenas issued. *See, e.g., In re Godfrey*, 2018 WL 11346518 (S.D. Fla. 2018).

## IV. This Court Has Imposed Proper Deadlines Against Insight and Gadot, and Can Impose Sanctions.

The Respondents seem to argue that this Court lacks the authority and power to impose the deadlines it has in this proceeding, or put Insight and Gadot on notice that sanctions would be considered (and may be issued) if compliance with Court orders does not occur.[3] The Respondents are mistaken as to this Court's inherent authority. Under Federal Rule of Civil Procedure 37, district courts have broad authority to control discovery. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *In re MTS Bank*, 2021 WL 271525 (S.D. Fla. 2021). This authority includes the ability to fashion sanctions when parties fail to comply with court orders. *See id.*; See also Fed. R. Civ. P. 37(b)(2)(A), and *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 324 F.R.D. 404, 413 (M.D. Fla. 2018).

As such, these arguments fail on their face. To the extent that the Respondents are challenging the Magistrate Court's rulings and orders, pursuant to 28 U.S.C. § 636(b)(1), Petitioner respectfully submits that a *de novo* review of the record will yield the same result.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Respondents' Objections at D.E. 34.

Respectfully submitted,

Dated: June 23, 2022

s/ *Vanessa Singh Johannes*
Vanessa Singh Johannes (FBN 1028744)
E-mail: VJohannes@carltonfields.com
CARLTON FIELDS P.A.

---

[3] The Court has not yet issued sanctions. Rather, it has only stated that it would be a consideration if flagrant disregard for court-imposed deadlines continue. Moreover, Petitioner's request for sanctions (D.E. 32) only seeks reasonable costs associated with the May 2, May 3, and June 15, 2022 depositions – court reporter fees; limited attorneys' fees; and so forth. Punitive sanctions are not sought at this time, as Petitioner is under the belief that Respondents are negotiating in good faith to attend depositions in the near future, as Mr. Salivar has represented.

700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050

s/ *Ian Herbert*
Ian A. Herbert (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006

*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

s/ *Vanessa Singh Johannes*
Vanessa S. Johannes