IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: Application Pursuant to )
28 U.S.C. 1782 of )
)
FARHAD AZIMA ) Case No.: 22-20707-MC-MARTINEZ
)
      Petitioner, )
v. )
)
INSIGHT ANALYSIS AND RESEARCH, )
LLC, and SDC-GADOT LLC, )
)
      Respondents, )
)
_____)

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR SANCTIONS:**

RESPONDENTS, INSIGHT ANALYSIS AND RESEARCH, LLC, and SDC-GADOT, LLC, by and through the undersigned attorneys, hereby file this Response in Opposition to Petitioner's Motion for Sanctions (DE # 32), upon proffer of the following:

1. As can be seen by DE 34-3, immediately after the undersigned counsel was retained to appear in this proceeding on behalf of these Respondents the undersigned contracted counsel for the Petitioner and advised that a) no local employee or agent of either Respondent was located in Florida, b) your undersigned counsel possessed a conflict with the June 15, 2022 selected date for the two (2) depositions, and c) the only representative who may be able to appear remotely for a deposition was located in Israel, with a seven (7) hour time difference being an issue as well as the need for a Hebrew to English translator if Mr. Forlit was to be the proffered witness for the subject depositions.

2. Also, your undersigned immediately advised Petitioner's counsel about the Respondents' objection to the Petitioner's unilateral expansion of the Rule 30(b)(6) Notices which were sent on June 8, 2022 to each Respondent. Though Respondents' Motion for Protective Order seeking to address this issue was denied, an Objection to the Order Denying the Motion for Protective Order remains pending (see DE 34).

3. As this Court is well aware, this is a 28 USC § 1782 discovery proceeding, and yet the Petitioner is prosecuting the action in rapid fashion, and has moved for sanctions, as if this is a direct civil action in which a served party Defendant properly before the Court is knowingly and willfully failing to comply with Court Orders (which is not the case).

4. As can be seen by the communications between counsel, the undersigned has desired to amicably resolve issues with setting and completion of the requested discovery depositions (even though maintaining the position that this Court never authorized in DE 5 any Rule 30(b)(6) depositions, but rather only directed the service of document production subpoenas). The undersigned has proposed alternate dates for the subject depositions, and has sought to address logistical issues with the time-zone difference between EST time and local time in Tel Aviv, Israel, as well as the need for a translator.

5. The undersigned counsel also directly commented on record during the recent June 23, 2022 telephonic Case Management Conference that Respondents wish to resolve the issues in this matter and have depositions and Court approved discovery completed in a timely fashion. It was counsel for the Petitioner that indicated that no agreement is likely to be reached and that Court intervention and decision will likely be necessary.

6. As to the June 15, 2022 depositions of the Corporate Respondents, each was set on only seven (7) days notice to the corporate Respondents, and as to each (which has been addressed at length in DE 34) the Petitioner intentionally went far afield of the discovery allowed by DE 5 when he decided to unilaterally expand the scope of the Rule 30(b)(6) notices that Petitioner then sent to the Respondents and your undersigned. The Petitioner also failed to comply with an express directive given by Judge Becerra to be completed prior to the depositions, as Petitioner never bothered to procure and serve upon the Respondents a copy of Magistrate Becerra's oral rulings from June 6, 2022, despite being instructed to do so.

7. As noted in DE 34, as well as the Respondents' Motion for Extension of Time (DE 25), Petitioner was made aware in advance of the June 15, 2022 deposition times and dates that <u>the undersigned counsel could not participate due to conflicts,</u> and that a deponent could not be proffered locally, or even remotely, without first addressing the scope of the deposition and the other logistical factors set forth above.

8. And yet despite this Petitioner did not agree to postpone the depositions, and still proceeded with the deposition anyways (although the transcript for the 2:00 p.m. deposition indicates that Petitioner's Washington D.C. counsel, Kirby Behre, Esq., who was actually going to conduct the deposition inquiry, <u>did not even log-in or appear</u> for the 2:00 p.m. deposition of SDC-GADOT, LLC). Prior to the 2:00 p.m. deposition of SDC-GADOT, LLC, Petitioner's counsel was advised that no one could appear (as discussed below), which is likely why Mr. Behre did not bother to participate.

9. As to the June 15, 2022 10:00 a.m. deposition of INSIGHT ANALYSIS AND RESEARCH, LLC, counsel for the Petitioner did not bother to send the Zoom link for the deposition to your

undersigned prior to the deposition time beginning. It was not sent until your undersigned mentioned to Kirby Behre, Esq. that no link was ever provided, and then it was received nearly 20 minutes into the deposition. See DE 34-3 at Page.

10. Moreover, around the start time of the deposition counsel for the Petitioner (Kirby Behre, Esq.) called your undersigned (Mr. Salivar) inquiring if anyone would be appearing for the deposition (almost as if the prior six (6) days of e-mails exchanged by counsel was never seen by Mr. Behre). Your undersigned advised that he was on Interstate 95 driving south from the West Palm Beach Courthouse after your undersigned had just finished a mandatory in-person calendar call, whereat your undersigned was directed to compile a binder containing multiple pending motions and then physically deliver them to Judge Kastrenakes at the West Palm Beach main branch courthouse by 5:00 p.m. the same day. Your undersigned reiterated that he could not appear for the depositions, that co-counsel was still in Israel and unavailable, and that no local representative of either corporate respondent existed. Your undersigned advised again that a representative existed in Tel Aviv, Israel, but with the time zone differences and langue issue it was unlikely that he would be available for the deposition as well.

11. Your undersigned then memorialized the call in an e-mail (see DE 34-3), in part to dispel in writing a comment made by Mr. Behre that the undersigned had "gone dark" prior to June 15 and ceased communications with Petitioner's counsel. Your undersigned then recited the multitude of emails and telephone calls which your undersigned participated in during the preceding 6 day period, to dispel Mr. Behre's patently incorrect comment.

12. So despite possessing knowledge of the unavailability of counsel, and of a deponent, the Petitioner and its counsel decided to proceed with the INSIGHT ANALYSIS AND

RESEARCH, LLC deposition anyways, solely for the purpose of procuring a short record transcript to accompany the instant Motion to Compel.

13. As to the document production subpoenas, **Respondents complied with this Court's June 8, 2022 Order** regarding the document production responses, as timely responses to the original document production subpoenas were served.

14. In their Motion to Compel, Petitioner overplays his hand and shows the true intent and purpose of this current proceeding. This proceeding was not initiated to seek discovery for use in the UK Proceedings, but rather to confirm whether or not the Respondents possess documents which the Petitioner has already, in other 28 USC 1782 proceedings, secured via subpoena from non-party bank entities, in an attempt to determine whether or not the Petitioner wishes to initiate a direct civil action against the Respondents. This is being conducted as a pre-suit fishing expedition inquiry to determine what evidence the Respondents' currently possess to counter the perjurious testimony and affidavits which Petitioner's tactics forced known perjurer Stuart Page to commit in support of this action.

15. Petitioner also goes even further with his heavy handed tactics, by seeking a sanction for a failure to produce records which Petitioner never actually requested in the subpoenas approved by this Court. In the Motion to Compel, Petitioner specifically references at paragraph 3 the following: "It is implausible that Insight and Gadot do not have any documentation responsive to the subpoena requests, such as corporate or account records. Notably, Petitioner requested bank records from the entities' banks and has received records from a bank, showing that Gadot conducted business transactions in Florida from inception

through, at least, May 2021. Petitioner requested the same materials from Insight and Gadot, yet no documents were produced."

16. Of note, looking at the actual document production subpoenas served by Petitioner, **Petitioner did not seek, or obtain Court approval, for the service of any subpoena upon the Respondents to produce bank account statements**.

17. Instead, the Court approved subpoenas directed production of the following:

   1) All documents and communications from February 2015 to present relating to or reflecting any work performed by you, Mr. Amit Forlit, and/or Mr. Stuart Page relating directly or indirectly to Mr. Farhad Azima or Azima's Associates, including but not limited to:

      i. All reports prepared about Mr. Azima and/or Azima's Associates;

      ii. All documents from Mr. Azima or Azima's Associates, whether or not it was included in a report;

      iii. All engagement letters relating to Mr. Azima or the Project;

      iv. All invoices for the Project, including but not limited to invoices sent to Page Group ME Ltd and any other Page Group entity;

      v. All communications regarding Mr. Azima or Azima's Associates; and

      vi. All communications about any websites, torrent, or WeTransfer links relating to Mr. Azima.

   2) All documents and communications from January 2018 to present relating to Mr. Azima's trial and/or attempts to mislead or a conspiracy to mislead the UK court about the discovery of the hacked data, including but not limited to:

      a. All communications with Mr. Neil Gerrard, Mr. David Hughes, Mr. Jamie Buchanan, Mr. Amit Forlit, Mr. Majdi Halabi, Mr. Stuart Page, Dechert, or Stewarts Law;

      b. All documents and communications regarding meetings between or among you and/or any of the conspirators, including at the Hotel Moosegg in Switzerland, any hotel in Cyprus, or any office(s) of Dechert; and

      c. All travel records reflecting trips to Switzerland, Cyprus, or England.

18. The Respondents thereafter complied with the production subpoenas, and the express instruction provided in each at paragraph five (5) stating: "**If no documents are responsive to a particular request, you are to state that no responsive documents exist**."

19. Petitioner cannot seek the imposition of sanctions against these Respondents based upon a) their separate subpoenaing, *ex-parte* and with no notice to the Respondents, of bank records from other corporate entities, b) sending a subpoena for production of documents to the Respondents which does not reference or include banking account records (which Respondents did not possess anyways as they were not actively operational entities), c) receiving Responses indicating that no responsive documents existed in the care, custody, or control of the Respondents, and then d) running to Court with bank account records already in the Petitioner's possession and which he never asked the Respondents to produce.

20. It is axiomatic that one cannot be held to violate an Order of the Court or a duly issued and served subpoena if the thing that was not done and with which the Movant takes issue was never included in the original Order or subpoena issued by the Court.

21. Finally, Respondents would note (and communications between the parties show) that Respondents requested Petitioner send over the calculated sum of costs, fees, or other monies Petitioner intended to seek via the instant Motion, so respondents could consider whether or not Court intervention was even necessary. Petitioner never provided such identified amounts, and despite making direct reference in DE 32 that Petitioner would file a supporting breakdown of the costs, fees, or other sums sought as a sanction under Rule 37, to date Petitioner has not done so.

22. Respondents object to, and oppose, the instant Motion as Respondents have been working in good faith to provide discovery directed by this Court to be provided or completed, while still preserving the Respondents' rights and entitlement to due process of law. Petitioner has been seeking to steamroll the Respondents in these proceedings and to completely disregard Respondents' rights (including being free from unlawful or unnecessary intrusion into their right to privacy), in an overtly transparent attempt to gain information not for use in the UK proceedings, but in the claims Petitioner is planning to directly assert based upon his allegations of a) hacking which the Respondents never did, and b) some alleged conspiracy to "defraud" the UK Courts (which the Respondents did not participate in).

23. Instead of bringing a direct action and being subject to reciprocal discovery[1], Rule 11, and a potential final adverse judgment in favor of these Respondents against the Petitioner, Petitioner has sought to improperly subvert the purposes of 28 USC 1782, has decided that the Petitioner,

---

[1] It is clear at this point that Petitioner, FAHRAD AZIMA, does not desire any Court ordered or aided inquiry into his own past and affairs, for fear of what that inquiry might uncover and confirm under oath, including but not limited to the fact that FAHRAD AZIMA actually committed the very financial fraud against RAKIA which was at issue in the UK Proceedings.

and not this Court, shall set the limits of what discovery is permissible, and as such Petitioner should be denied all relief he seeks via DE 32.

24. Per Rule 37 of the Federal Rules of Civil Procedure, this Court possesses discretion to grant or deny a Motion to Compel discovery under Rule 37, including whether or not the Court will award a recovery of costs or attorney's fees in bringing or opposing the Motion.

25. Respondents submit that Petitioner's improper tactics and procedural maneuvering (including but not limited to the "bait and switch" committed by the Petitioner with the Rule 30(b(6) notices) justify a denial of the DE 32 outright, and an award in favor of the Respondents of all costs and/or attorney's fees which they have incurred in opposing DE 32.

**WHEREFORE** based upon the foregoing, INSIGHT ANALYSIS AND RESEARCH, LLC and SDC-GADOT, LLC request that this Court DENY DE 32, that the Court award Respondents a recovery of reasonable attorney's fees and court costs incurred in being forced to respond to the Petitioner's Motion, and that the Court grant the Respondents such other and further Relief as this Court may deem just and proper.

### GOOD FAITH CERTIFICATION:

The undersigned counsel hereby certifies that the undersigned conferred with counsel for the Petitioner about the relief sought in DE 32, and in this Response, prior to the filing of this Response.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of July, 2022, that a true and correct copy of the foregoing has been filed through the Court's CM/ECF-filing portal and that a true copy has been served through the portal upon all counsel of record in this action.

Respectfully submitted,

By: */s/ Christopher S. Salivar, Esq.*
Christopher S. Salivar, Esquire

        Florida Bar No.: 57031
        6576 Whispering Wind Way
        Delray Beach, FL 33484
        Tel: (561) 628-8908
        Email: cssalivarattorney@gmail.com

By: */s/ Elan I. Baret, Esq.*
        Elan I. Baret, Esquire
        Florida Bar No.: 20676
        3999 Sheridan Street, 2nd Floor
        Hollywood, Florida 33021
        Tel: (954) 486-9966
        Facsimile: (954) 585-9196
        Email: elan@baretlawgroup.com