IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-MC-20707-JEM/BECERRA

*In re:* Application Pursuant to
28 U.S.C.§ 1782 of

FARHAD AZIMA

   *Petitioner,*

v.

INSIGHT ANALYSIS AND RESEARCH, LLC,
SDC-GADOT, LLC, and
AMIT FORLIT,

   *Respondents.*
_____/

### REPLY IN SUPPORT OF MOTION REQUESTING SANCTIONS AND COMPELLING DISCOVERY [D.E. 32]

  By and through the undersigned, Petitioner files this Reply in support of his motion for sanctions and to rebut Respondents' opposition thereto. As this Court is aware, at a hearing on June 6, 2022, Respondents Insight Analysis and Research LLC ("Insight") and SDC-Gadot LLC ("Gadot"), Florida companies, were compelled to appear for depositions and produce discovery in this matter. Petitioner had issued document subpoenas and deposition notices in March 2022, and depositions were held in May 2022. Neither Insight nor Gadot appeared at those depositions. After the June 6th hearing, Insight and Gadot were ordered to appear at depositions on June 15, 2022 (D.E. 21). Again, neither appeared.

  Respondents now complain that Petitioner did not provide sufficient notice to them regarding these depositions, but Respondents ignore that the subpoena notices were properly and timely served on the proper registered agent in March 2022 and that they waited until after June 6th to appoint counsel or engage with Petitioner. Indeed, Respondents have only attempted to

1

130201799.1

engage in conversations with Petitioner when the Court has ordered them to do so. It is therefore not surprising that Petitioner and Respondents have not been able to come to an arrangement on other matters regarding the depositions, such as their scope.

Further, while Respondents claim that they desire to amicably resolve the outstanding issues and proposed alternate dates for the deposition, to date, they still are not communicating with Petitioner's counsel on such matters. Petitioner is willing to work with Respondents on a date and location for the depositions, but it appears that Respondents will only engage in conversations regarding discovery if the Court steps in. Because Respondents have acted in this manner, and did not appear for depositions in May or June 2022, Petitioner seeks sanctions against Respondents for the costs associated with the depositions.[1]

In addition, Respondents continue to claim that they have complied with the document subpoenas even though they have not produced ***a single document***. Respondents' "production" is non-existent and completely inadequate. Petitioner requested all documents related to work performed related to Petitioner – this includes incorporation documents and bank records in their possession. Also, in his affidavit filed on June 1, 2022 (D.E. 17-4), Forlit admitted that he was "hired by Stuart Page to run intelligence gathering services." Yet Respondents produced no documents about this engagement. Forlit also admitted in that affidavit that he sent Page links to Azima's hacked data – but he did not provide any documents related to that disclosure. Respondents' response to the document subpoenas is woefully inadequate and is indicative of their obstructive approach to discovery. Given the inadequate response, and Respondents' insistence

---

[1] Petitioner is also willing to work with Respondents on the topics for the depositions, but is concerned that Respondents are attempting to draw artificial lines in order to provide any relevant information. It is clear that Respondents have information relevant to Petitioner's litigation as discussed below in the context of the subpoena responses.

that no documents exist, the Court should order that Respondents file a detailed affidavit describing (1) all of the sources of documents reviewed for relevant documents, (2) the number of documents that were reviewed from each source, (3) whether search terms were used for the review, and if so, what those search terms were, and (4) any known sources of relevant documents that were not reviewed.

To be clear, Petitioner has not sought the full panoply of sanctions available, including adverse inferences and daily fines, on the basis that Respondents would attend depositions as they have represented they would and would comply with the document subpoenas that they agree were properly served. Petitioner is still hopeful that Respondents will work with them, to resolve the substantive issues pending. Should Respondents again refuse to sit for depositions on the dates they previously suggested or continue to fail to produce relevant documents, Petitioner will seek additional sanctions.

Respectfully submitted,

Dated: July 8, 2022

*s/ Ian Herbert*

Ian A. Herbert (admitted *pro hac vice*)
MILLER & CHEVALIER CHARTERED
900 16th Street, NW
Washington, D.C. 20006

*Counsel for Petitioner*

130201799.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for the Respondents named in this matter, Christopher S. Salivar and Elan I. Baret, via such means.

s/ *Vanessa Singh Johannes*
Vanessa S. Johannes